NICHOLLS, J.
In his petition plaintiff alleges:
“That he is the legal owner and in possession of the following described property: That certain parcel of land in southeast quarter of section 2, township 17 N., range 14 W., Caddo parish, La., commencing at the southwest corner of said quarter section and running east 4.10 chains to Summer Grove Road; thence north 9° east 3.04 chains to Greenwood Road; thence south 78° west 4.67 chains to dividing line of the quarter section; thence south 2.05 chains to place of beginning.
“That he purchased same from John Lawrence on October 4, 1887, as per deed of same recorded in Conveyance Book 4, page 716, of the records of the recorder’s office of Caddo parish. That John Lawrence purchased same by mesne conveyance from Mrs. A. A. Helme, also a resident of Caddo parish, La., on April 21, 1860, as per deed of same of record in Conveyance Book N, page 471, of the records of the recorder’s office of Oaddo parish.
“Now petitioner shows that he has been in actual corporeal possession of the above-described property since 1887; that his ancestors in title have been in actual corporeal possession of the same property for 60 years or more.
“Petitioner shows that in the deed from Mrs. A. A. Helme to Robert Cain, and in ail the deeds from that time up till the time petitioner purchased from John Lawrence, the above parcel of land was incorrectly described as follows: That part of one parcel of land in N. E. % of Sec. 11, T. 17, R. 14 W., Caddo parish, La., commencing at N. E. quarter of said section and running E. 4.10 chains to Summer Grove Road; thence N. 9° E. 3.04 chains to Greenwood Road; thence S. 78° W. 4.67 chains to dividing line of the quarter section; thence S. 2.05 chains to place of beginning.
“That the land intended to be sold was in the southeast quarter of section 2, instead of the northeast quarter of section ll. That neither John Lawrence nor Mrs. A. A. Helme ever owned the land described in their deeds, but that the said Mrs. Helme and her ancestors in title did own the property as first described, and were in possession of same as first described, and that was the property intended to be conveyed.
“That said incorrect description is a cloud upon his title, and he was entitled to have same corrected. That the heir of the said Mrs. Helme was the proper party to make said correction. That the said Mrs. A. A. Helme was the wife of S. P. Helme. That she is dead, and that S. P. Helme died prior to Mrs. Helme. That said Mrs. Helme died in the parish of Caddo, leaving no direct descendants or ascendants or collateral kindred, and that the state of Louisiana thus became her heir. That the General Assembly of said state passed an act in 1906, allowing petitioner to sue the state of Louisiana for the purpose of correcting his title, which act is No. 187 of 1906.
“In view of the premises, he prays that copies of this petition be served upon the Governor and the Attorney General of Louisiana, that they be cited to answer hereto, and that, after all legal delays and due proceedings had, he have judgment against the state of Louisiana, as the heir of the said A. A. Helme, correcting the description of petitioner’s property and declaring him to be the owner of the property first described in this petition, all at the costs of petitioner, for all orders necessary, and general relief.”
The defendant (the state of Louisiana) answered through the Attorney General (Walter Guión). It pleaded the general issue and prayed that the demand of the plaintiff be rejected and dismissed.
H. F. Brunot, judge of the district court for the parish of East Baton Rouge, recused himself by reason of having been of counsel in this case, and appointed T. A. Moore as special judge to try the same.
On April 6, 1907, the case was taken up for trial according to assignment, T. A. Moore, judge ad hoe,' presiding, and after introducing evidence was submitted without argument and taken under advisement. On April 18th the court rendered judgment in the case, and on April 22, 1907, dated and signed the judgment.
The judgment so rendered was as follows:
“Walter W. Hood v. State of Louisiana.
“No. 1110, District Court of East Baton Rouge Parish.
“In this case, by reason of the law and the evidence being in favor of plaintiff and against the defendant, it is ordered, adjudged, and decreed that plaintiff do have judgment against defendant, the state of Louisiana, in the capacity of heir of Mrs. Amelia A. Helme, deceased, correcting the description of the property transferred by the said Mrs. Helme to Robert Cain, situated in the parish of Caddo, and duly re *809 corded in Conveyance Book N, page 471, of the records of said parish, and by said parish- and by said Cain transferred by mesne conveyance to plaintiff, and declaring him to be the owner of the said property under its corrected description as follows: That certain parcel of land in southeast quarter of section 2, township 17 W., Caddo parish, Louisiana, commencing at the southwest corner of said quarter section and running east 4.10 chains to Summer Grove Road: thence north 9° east 3.04 chains to Greenwood Road; thence south 78° west 4.67 chains to dividing line of the quarter section; thence 2.05 chains to place of beginning.
“It is further ordered, adjudged, and decreed that plaintiff pay the costs of this suit.
“Done, read and signed in open court this 22d day of April, 1907.”
Plaintiff applied by petition for and was granted a devolutive appeal to the Supreme Court, returnable according to law. The order for an appeal directed that a copy of the petition and the order therein and citation of appeal be served upon the state of Louisiana, through its Governor or the Attorney General, according to law. This order of appeal was entered in the minutes of the court of June 15, 1907.
The state has made no appearance in the Supreme Court.
The plaintiff’s suit against the state was instituted by him under and by virtue of authority of Act No. 187 of the General Assembly of the state of Louisiana of 1906. Although judgment was rendered in the district court in favor of the plaintiff, he has appealed the judgment under a supposed necessity that he should do so under article 192 of the Constitution of 1898.
Act No. 187 of 1906 does not require plaintiff to take this appeal. In Durbridge v. State, 117 La. 857, 42 South. 339, this court used the following language:
“The right of the General Assembly to waive its right of exemption from suit and to grant permission to sue is not derived from article 192 of the Constitution. The article in question merely fixed certain features of the demand under certain circumstances and of the suit and the effect of the judgment when rendered.”
The article in question had specially in view demands calling for the making of appropriations by the General Assembly. Plaintiff’s action has no such purpose in view. We can see no objection to the subject-matter of the demand being submitted to this court for examination de novo on appeal, whether under the terms of the article this was imperatively required to he done or not. The state, though cited on the appeal, has made no suggestion of error in the judgment, and we ourselves discovered none after examination of the record.
For the reasons assigned the judgment appealed from is affirmed.