ROGERS, J.
This is a summary proceeding by the state of Louisiana against respondent, as a vendor of gasoline under Act No. 81 of 1921,' to compel the payment of an additional license for the month of January, 1922; respondent having previously paid, under protest, an amount to cover the license from the date the statute became effective.
Respondent, qualifiedly, admitted the facts, but wholly denied the conclusions of law set out in plaintiff’s proceeding, and attacked the constitutionalty of the act on various grounds. It also reconvened for the reimbursement of the amount paid under protest.
The -district judge, in a written opinion, held the second paragraph of section 2 and the entire sections 13 and 14 to be unconstitutional, but that the other sections of the act were constitutional, constituting a valid and subsisting law under which the tax sought to be imposed was collectible. The proceeding was dismissed, however, for the reason that the respondent had paid the legal taxes due, and that the amount claimed as an additional tax was not due because it was based upon sales made during the first nine days in December, 1921, before the law became effective.-
The judgment was silent on the reconventional demand, which operated as its dismissal.
Plaintiff has appealed from the judgment, and respondent has answered the appeal asking reimbursement of the amount set forth and claimed by it in reconvention.
[1] We find it necessary to consider only one of the respondent’s grounds of attack upon the statute.
Section 21 of article 10 of the Constitution of 1921 authorized the Legislature to levy, and to provide for the collection of, a tax, not to exceed two cents per gallon, on gasoline sold within the state. Under this constitutional authority, Act No. 81 of 1921 wasy enacted.
Respondent contends that this statute is void because it levies a license tax and not a sales tax, and that* there is no constitu *269 tional provision for a license, or an additional license, tax on gasoline.
The statute, as drawn, is a license law, purely and simply. It so states in its title, and throughout its text refers to the tax as a license tax. It requires the monthly payment of the tax based upon the sales of the previous month, and it prohibits dealers, under drastic penalties, from engaging in business unless they pay said tax out of their own funds on said estimative basis, notwithstanding they may have already paid their license for the privilege of selling the identical goods. In case of delinquency, it provides for the enforcement of the tax by means of the general license laws.
Learned counsel for the state argues that since there is no prohibition in the Constitution of 1921 against the imposition of double taxation whether in the form of a license, or a tax, upon vendors of gasoline, the Legislature was well within its power in adopting the statute.
Whatever might be the force of the argument in a proper case, it can have no application to the issues presented here, for, admittedly, the law was enacted in an attempt to comply with the mandatory provisions' of the Constitution requiring the levying of a tax, not to exceed two cents per gallon, on gasoline sold in the state. The statute, neither in spirit nor in substance, conforms to the constitutional provision authorizing its enactment. It was plainly not the intention of the framers of the Constitution that the constitutional provision should be used as the basis for the imposition of a license tax upon oil dealers already subject to the payment of a license tax under the law, but it was their evident purpose to place the burden of this specific taxation upon the ultimate consumer, the beneficiary of the roads and highways to which the proceeds of the tax are to be devoted by the Constitution itself. The constitutional mandate operates as a restriction upon the legislative power to impose any other tax, and in any other manner, than is therein provided. Act No. 81 of 1921 is therefore invalid, null, and void.
It may be observed that the Legislature recognized the invalidity of the statute, and enacted Act No. 137 of 1922 to conform to the constitutional mandate, and by its section 14 specifically repealed Act 81 of 1921 in toto.
In support of the reconventional demand for the reimbursement of $2,444 paid under protest for alleged license taxes due under the provisions of Act 81 of 1921, counsel for respondent cite the cases of State ex rel: Cunningham v. Lazarus, 40 La. Ann. 856, 5 South. 289, and United States v. Ringgold, 8 Pet. 163, 8 L. Ed. 899. Neither of the cited cases are precisely in point. In Cunningham v. Lazarus, the case was dismissed upon the ground that the court was without jurisdiction to render judgment against the state in a matter in which it had not yielded its consent. To that extent, it is against, rather than in favor of, the position taken by counsel for respondent in this case.
The purport of the decision in United States v. Ringgold is that one sued by the sovereign might in a proper case offset, to the extent of the demand made, a claim against said sovereign.
[2] The settled rule, however, is:
“That a state cannot he sued in its own courts, or any other, unless it has expressly consented to such suit, except in the limited class of cases in which a state may be made a party in the Supreme Court of the United States, by virtue of the original jurisdiction conferred upon such court by the Constitution.” 25 R. C. L. § 49, p. 412.
[3]’ Respondent is not setting up an offset against the demands made upon it by the state, but, by means of its reconventional demand, is seeking, in a direct action, to obtain judgment against the state. This under the law it is not authorized to d? , Besides, the amount paid by respondent as a license tax has gone into the public treasury and, presumably, has been appropriated. Its *272 withdrawal from the state treasury is prohibited by the Constitution, “except in pursuance of specific appropriation made by law.” Const. 1921, art. 4, § 1; Gulf Refining Co. v. McFarland (on rehearing) 154 La. 251, 97 South. 433.
Judgment affirmed.
O’NIELL, C. J., concurs in the result, but not in the approval of Gulf Refining Co. v. McFarland.
ST. PAUL, J., concurs in the decree.
BRUNOT, J., takes no part.