(120 So. 383)

No. 29475.

NEWLIN, Public Adm'r, v. LIBERTY OIL CO., Limited.

Jan. 28, 1929.

Percy Saint, Atty. Gen., and Peyton R. Sandoz, Asst. Atty. Gen., Ross E. Breazeale and E. C. Brodtman, Sp. Counsel, both of New Orleans, for appellant.

McCloskey & Benedict, of New Orleans, for appellee.

ROGERS, J. This suit is an aftermath of the case of State of Louisiana v. Liberty Oil Co., Ltd., 154 La. 267, 97 So. 438. In that proceeding the state sought, under the authority of Act No. 81, Extra Session of 1921, to compel the defendant oil company, as a vendor of gasoline, to pay an additional license for the month of January, 1922. The defendant pleaded the unconstitutionality of the statute, and its plea was sustained in part by the court below. On appeal, this court maintained the plea in its entirety.

Subsequent to the decision of the court below, and up to the moment the decree of this court became final, the Liberty Oil Company, Limited, under protest, deposited a sum of money each successive month in the registry of the district court in order to secure the payment of the amount of the license claimed by the state under the legislative act. At the end of the litigation, the fund on deposit amounted to $15,432.51. Later the auditor of public accounts, on behalf of the state, secured an ex parte order to withdraw the fund, but, on the protest of the Liberty Oil Co., Limited, the order was revoked. The oil company, as owner, then proceeded contradictorily with the auditor of public accounts and the clerk of court to obtain possession of the money on deposit. The proceeding was heard on December 5, 1923, and resulted in a judgment decreeing the fund to be the property of the Liberty Oil Company, Limited, and ordering that it be delivered to that company. No appeal was taken from this judgment, and, in accordance with its terms, the amount of the deposit was paid to the Liberty Oil Company, Limited.

On December 14, 1926, Albert W. Newlin, public administrator for the parish of Orleans, assuming to act under the provisions of Act No. 14 of 1926, brought this suit against the Liberty Oil Company, Limited, to recover $15,432.51 as the amount of the fund which had been redelivered to the oil company by the clerk of the district court. Plaintiff alleges, in support of his demand, that the fund deposited in court represented collections made by the oil company, as an agent of the state, from various unknown purchasers of gasoline, and formed no part of the purchase price.

The defendant oil company filed numerous exceptions, all of which were overruled. It then filed its answer, denying that it had act-

ed as an agent of the state; denying that any license tax was imposed by defendant on, and collected from, purchasers of gasoline; and averring, in effect, that it was always the owner of the funds deposited in court, which were subsequently returned to it. The case went to trial on these issues, and resulted in a judgment in favor of defendant, dismissing plaintiff's suit. Plaintiff appealed.

Among the exceptions filed by defendant company and overruled by the court is an exception of res judicata. Pretermitting any inquiry as to the correctness, vel non, of the court's ruling on the exception, we find, from our examination of all the testimony offered on the trial of the case, that nowhere is it shown that the defendant oil company had included in the purchase price and had collected from its customers the amount of the license tax of one cent on a gallon of gasoline that the state was claiming as due it under Act 81, Extra Session of 1921, which claim the defendant company successfully resisted in the prior suit. Therefore the money which that company deposited in, and later withdrew from, the registry of the court, was its own property, and the plaintiff is wholly without any right to demand the possession thereof. The conclusion we have reached dispenses with the necessity of passing upon the motion to dismiss.

For the reasons assigned, the judgment appealed from is affirmed.