HIGGINS, Justice.
 

 This is an action ex delicto against the State of Louisiana to recover damages in the sum of $250,500, for personal injuries alleged to have been sustained on or about June 22, 1906, by the plaintiff, through the negligence of the officers and employees of the Central Louisiana State Hospital at Pineville, Louisiana, where she had been confined.
 

 The State filed exceptions to the jurisdiction of the court, ratione materiae and ratione personae, pleading that Act 206 of 1934, which authorized the plaintiff to institute this suit against the State, is unconstitutional for the following reasons:
 

 (1) That it is a special law and notice of intention to apply therefor was not advertised for thirty days prior to its introduction in the Legislature, nor was there any recital in the act that there had been such publication as required by Article 4, Section 6, of the Constitution of 1921; and
 

 (2) That the act does not provide a method of procedure and the effect to be given the judgment that might be rendered as required by Article 3, Section 35, of the Constitution of 1921.
 

 The learned trial judge sustained the exception ratione personae on both grounds, and dismissed the suit. The plaintiff has appealed.
 

 
 *817
 
 There is no doubt, as shown by the allegations of the plaintiff’s petition, that this suit is founded solely and only upon an alleged tort or claim .for damages for personal injuries and that the State is immune from such an action without having given its consent through the Legislature, in conformity with the constitutional provisions covering the enactment of such a measure. 59 C.J. 300, Section 459; 25 R. C.L. 412, par. 49; State v. Liberty Oil Company, Ltd., 154 La. 267, 97 So. 438; Fouchaux v. Board of Commissioners, Port of New Orleans, La.App., 186 So. 103; Rome v. London & Lancashire Indemnity Co., La.App., 169 So. 132, and Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191.
 

 Act 206 of 1934, upon which petitioner relies, reads, in full, as follows:
 

 “To authorize a suit for damages to be instituted against the State of Louisiana, and authorizing the State of Louisiana to stand in judgment.
 

 “Be it enacted by the Legislature of Louisiana that Miss Annie C. Lewis be and the same is hereby authorized to institute a suit against the State of Louisiana for permanent injuries she has sustained while within the confines of a state institution in Rapides Parish, Louisiana.
 

 “Be it further enacted that the State-of Louisiana be and is hereby authorized and permitted to be sued and stand in judgment on the matter of' certain damages in the claim of Miss Annie C. Lewis.”
 

 The provisions of the Constitution of 1921 invoked by the State read as follows:
 

 Article IV, Section 6: “Local and Special Laws — Notice of Intention. — No local or special law shall be passed on any subject not enumerated in Section 4 of this article, unless notice of the intention to apply therefor shall have been published, without cost to the State, in the locality where the matter or things to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill, and in the same manner provided by law for the advertisement of judicial sales. The evidence of such notice having been published shall be exhibited in the Legislature before such act shall be passed, and every such act.shall contain a recital that such notice has been given.”
 

 Article III, Section 35: “Suits against State. — Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.”
 

 In the case of Durbridge v. State, 117 La. 841, 849, 42 So. 337, 339, the first point herein is directly passed upon by the court and decided adversely to the State’s position:
 

 “The reasons assigned for this judgment were: * * * that Act No. 67 of 1898 is a special act which does not contain the recital required by article 50 of the Constitution of 1898.
 

 “It would have been error to have made the rejection of plaintiff’s demand, and the dismissal of his suit rest upon the second
 
 *819
 
 ground assigned. The right of the General Assembly to waive its right of exemption from suit, and to grant permission to sue, is not derived 'from article 192 of the Constitution of 1898. It antedated that Constitution. The article in question merely fixed certain features of the demand, and of the suit, and of the effect of the judgment when rendered. The statute of 1898 was not a special or local ‘law.’ It was simply a special ‘act,’ authorizing the bringing of the suit. It needed no notice to have been given to authorize its enactment. It was uncontrolled as to its own course.” See also Hood v. State, 120 La. 806, 809, 45 So. 733.
 

 In other words, the waiver of immunity or exemption from suit of the sovereign State and the authorization by the Legislature of a person to sue the State is not a law within the meaning and con-' templation of Article 4, Section 6 of the Constitution, and, therefore, publication of notice of the proposed introduction of the bill was unnecessary.
 

 With reference to the second ground of the unconstitutionality of the act, it will be noted that under the provisions of Article 192 of the Constitution of 1898, and Article 192 of the Constitution of 1913, dealing specifically with the grant of power to the Legislature to authorize suit against the State, the procedure and effect of the judgment in such suits is set forth in detail. Under Article 3, Section 35 of the Constitution of 1921, which likewise gives the Legislature authority to authorize suits against the State, there is no specific recitation of the procedure and effect of judgment in such suits for it contains only a general statement that the Legislature, in granting such authorization,. “ * * * shall provide a method of procedure and the effect of the judgments which may be rendered therein.” The effect of this change was to give the Legislature more latitude by eliminating the specific requirements as to procedure and effect of the judgment, as set forth in the Articles of the Constitution of 1898 and 1913. However, a perfunctory reading of the provisions of Article 3, Section 35 of the Constitution of 1921, shows that it was the mandatory duty of the Legislature to provide a method of procedure and the effect of the judgment, which might he rendered in such suits, and thereby the Legislature was denied the discretionary power to dispense with providing for the procedure and effect of the judgment in such matters. One will search the provisions of Act 206 of 1934 in vain for the slightest suggestion of a method of procedure and the effect to -be given the judgment that might be rendered in the suit authorized, for the act is absolutely silent on these subjects. These sacramental requirements of the above-quoted Articles of the Constition are absent in toto from the act.
 

 A review of a great many of the acts of the Legislature authorizing suits against the State shows that the members thereof considered such provisions in the acts indispensable to their validity. (A list of these statutes can be found in Volume 4, page 1114 of Dart’s Constitution and General Statutes of Louisiana, and the Acts of the Legislature of 1940.)
 

 
 *821
 
 To show the importance of Article 3, Section 35 of the Constitution of 1921, in relation to the fisc of the State, in State ex rel. v. Burke et al., 35 La.Ann. 185, and 193, the court said:
 

 “The love -which equity is said to have ior trusts must be restrained within the limits of judicial power. Her arms, however long, have no force to break through the impenetrable fortress in which the Constitution guards the rights of States.
 

 “The sacredness of contracts is a precious object in the eye of courts; but the preservation of the fundamental principles upon which the structure of our wise and beautiful system of government rests is of far higher value and importance. No authority has ever been cited, and none exists, asserting or recognizing the power of any court to compel the officers of a State, against the acknowledged will of the State, as expressed in her Constitution, to take money out of her treasury and to apply it to the satisfaction of her alleged contract obligations.” See also Varnado v. State et al. [18 La.App. 624], 136 So. 771; State ex rel. Varnado v. Louisiana Highway Commission et al., 177 La. 1, 147 So. 361.
 

 It is our opinion that Act 206 of the Legislature of 1934 is unconstitutional, because it fails- to conform with the mandatory requirements of Article 3, Section 35 of the Constitution of 1921.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., does not take part.