This is a suit in which the plaintiff, who alleges that he was employed by the State of Louisiana as a gardener on the grounds of the State Capitol at Baton Rouge, seeks to obtain judgment against the State fixing the weekly compensation he claims to be due him under the Workmen's Compensation Statute for an injury which he avers he suffered by an accident on October 23, 1939, while he was engaged in the performance of the duties for which he was employed.
His suit was dismissed in the lower court on an exception of no cause or right of action based on the alleged unconstitutionality of the Workmen's Compensation Statute (Act No. 20 of 1914) in so far as any of its provisions purport to authorize the bringing of a suit against the State of Louisiana. From a judgment decreeing those provisions to have been unconstitutional when enacted under the Constitution of 1913 and as not having been saved or made constitutional by any saving clause in the Constitution of 1921, the plaintiff moved for and obtained an order for a devolutive appeal to this court.
There has been no motion filed to dismiss or to transfer the appeal, but we are nevertheless bound to take notice of the lack of jurisdiction of this court and to act accordingly.
Section 1 paragraph 1 of Act 20 of 1914 specifically states that the provisions of the Act shall apply among others, to "every person in the service of the State * * *," and that "for such employee and employer the payment of compensation, according to and under the terms, conditions and provisions hereinafter set out in this act, shall be exclusive, compulsory and obligatory; * * *." When Act No. 20 of 1914 was enacted, it was the Constitution of 1913 which was in force and effect and the method of procedure in instituting a suit against the State, the rules governing the trial of the same, the manner of appeal and the effect of the judgment rendered against the State were all fully set out therein in Article 192.
The district judge, in assigning written reasons for judgment in this case, states that a mere reading of the provisions of that article of the Constitution of 1913 and a comparison of the same with the pertinent provisions of Act 20 of 1914 showed that the latter did not meet the Constitutional requirements. Moreover, he declared that they were not saved or made constitutional by any saving clause found in the Constitution of 1921. Unquestionably, therefore, the sole and only effect of the judgment rendered by the district judge which dismissed the plaintiff's suit on the exception of no cause or right of action was to declare and to hold those provisions of Act 20 of 1914 which are involved in this controversy, unconstitutional.
In defining the jurisdiction of the Supreme Court and that of the Courts of Appeal, the Constitution of 1921, with specific reference to the Supreme Court, provides under Article VII, Section 10, that "it shall have appellate jurisdiction * * * in all cases wherein an ordinance of a parish, municipal corporation, * * * or a law of this State has been declared unconstitutional." A similar provision existed in the Constitutions of 1913 and of 1898 and in all cases in which a matter concerning appellate jurisdiction arose, the Supreme Court invariably maintained its jurisdiction to decide the question of constitutionality, if properly presented, regardless of what other issues there may have been and of the amount involved in the suit.
The matter is well stated in a syllabus to the case of Louisiana Society For Prevention of Cruelty to Children v. Moody, 52 La.Ann. 1815, 1816, 28 So. 224, as follows: "Article 85 of the constitution of 1898 vests this court with jurisdiction of all cases wherein a law of the state or an ordinance of a municipal corporation has been declared unconstitutional, and this without regard to the moneyed demand of the action. But in a case where the amount involved is $2,000 or less, with other defenses raised, this court has naught to do. It can concern itself only with the single question, is the decision appealed from, declaring the law or ordinance unconstitutional, correct? As to other issues raised and determined in a case involving $500, the appropriate appellate tribunal is the court of appeals." *Page 671 
Whilst in the same Section of the Constitution of 1921 which defines the appellate jurisdiction of the Supreme Court, suits for compensation under any State or Federal Workmen's Compensation Law or Employer's Liability Act are specifically excluded and jurisdiction on appeal in such cases, as appears from Section 29 of Article VII lies in the Courts of Appeal, the purpose evidently was to confer appellate jurisdiction in such cases only with regard to those issues between the parties arising out of such acts or laws themselves and it never was intended, in our opinion, to extend jurisdiction to an issue of constitutionality in which the Constitution itself particularly designates the Supreme Court as the appellate tribunal to review the decision of a lower court which had declared a law of the State unconstitutional. So far, in this case, the constitutionality, vel non, of those provisions of Act 20 of 1914 which were declared unconstitutional by the judgment appealed from, is the only issue that is presented, and the Supreme Court is the proper and only court vested with appellate jurisdiction to say whether that judgment is correct or not. The appeal must therefore be transferred to that court.
It is therefore ordered that, in accordance with the provisions of Act No. 19 of 1912, the appeal in this case be, and the same is hereby, transferred to the Supreme Court of Louisiana, the record to be transmitted within 30 days hereof, otherwise the appeal to stand dismissed at the costs of the appellant herein.
DORE and OTT, JJ., concur.