ROGERS, Justice.
 

 Plaintiff brought this suit against the State of Louisiana claiming compensation for alleged permanent and total disability under Act No. 20 of 1914, as amended (the Workmen’s Compensation Law), subject to a credit for certain payments made to him subsequent to his injury. Plaintiff alleges that he was employed by the State of Louisiana as a gardener and that his disability is due to accidental injury he suf fered while working on the grounds of the State Capitol at Baton Rouge.
 

 Plaintiff’s suit was dismissed in the district court on an exception of no cause or right of action predicated on the alleged nnconstitutionality of Act No. 20 of 1914 so far as its provisions purport to authorize the institution of a suit against the State. Plaintiff appealed.from the judgment to the Court of Appeal for the First Circuit and that court, for lack of jurisdiction because of the constitutional question involved, transferred the appeal to this Court. Martin v. State, La.App., 7 So.2d 669.
 

 The suit is brought against the State of Louisiana in its sovereign capacity and is founded on plaintiff’s alleged employment by the State as distinguished from any political subdivision or incorporated public board or commission performing any function of State government.
 

 The State of Louisiana was cited and served through Honorable Sam Houston Jones, Governor, and also Honorable Eugene Stanley, Attorney General. The State appeared and filed an exception of no cause or right of action based generally on the proposition that the suit is one against the sovereign state itself and not against any of its political subdivisions, public boards or commissions; that the bringing of the suit is without constitutional sanction because Act No. 20 of 1914, under which the suit is brought, does not contain any of the provisions prescribed for such a suit by Article 192 of the Constitution of 1913, nor do the amendments to the act that were adopted prior to the effective date of the Constitution of 1921 satisfy any of the requirements of the article; that neither the act nor any of its amendments comply with the provisions of section 35 of Article 3 of the Constitution of 1921, and further in view of the provisions of Section 1 of Article 22 of the Constitution of -1921, Act No. 20 of 1914 and all its amendments so far as they purport to authorize the bringing of a suit against the State of Louisiana, are unconstitutional.
 

 Section 1, paragraph 1 of Act 20 of 1914 provides specifically that the provisions of the law shall apply, among others, to “every person in the service of the State * * and that “for such employee and employer the payment of compensation, according to and under the terms, conditions and provisions hereinafter set out in this act, shall be exclusive, compulsory and obligatory * * Defendant does not question the correctness of the allegation
 
 *1055
 
 of the petition that plaintiff was an employee and not an official of the State, but, under its exception, contends that the statutory provisions hereinabove referred to were unconstitutional when adopted, were not made constitutional by any saving clause contained in the Constitution of 1921, and are plainly violative of the provisions of our present constitution.
 

 Article 192 of the Constitution of 1913 was in effect when Act No. 20 of 1914 was adopted. This article provides as follows:
 

 “Whenever the General Assembly shall authorize a suit against the State it shall provide in the act authorizing the same, that such suit be instituted before the District Court at the State Capital; that citation to answer such suit shall be served both upon the Governor and the Attorney-General; that the Supreme Court of the State shall have appellate jurisdiction in such suit, without regard to the amount involved; that the only object of such suit, and the only effect of the judgment therein, shall be a judicial interpretation of the legal rights of the parties for the consideration of the General Assembly in making appropriations; that the burden of proof shall rest upon the plaintiff or claimant to show that the claim sued upon is a legal and valid obligation of the State, incurred in strict conformity to law, not in violation of the Constitution of the State or of the United States, and for a valid consideration, and that all these things shall be affirmatively declared by the Supreme Court before any judgment is recognized for any purpose against the State.”
 

 Defendant contends that a mere reading of the constitutional article and the statutory provisions show by comparison that the statutory provisions do not comply with the constitutional requirements, which, in effect, prohibit the bringing of any suit against the State. Plaintiff denies the correctness of this contention and strenuously insists that a comparison of the various provisions of Act No. 20 of 1914, as amended, with Article 192 of the Constitution of 1913 will demonstrate that the statute does comply, both generally and specifically, with the article of the Constitution.
 

 In support of his contention, plaintiff relies on the provisions of Act No. 20 of 1914, as amended, setting up generally the machinery for the judicial enforcement of workmen's compensation claims. Plaintiff also refers to that part of Article 192 of the Constitution of 1913 reading as follows: “The only object of such suit, and the only effect of the judgment therein, shall be a judicial interpretation of the legal rights of the parties for the consideration of the General Assembly in enacting appropriations; * * And also section 18 of Paragraph 4 of Act No. 20 of 1914, as amended, Act No. 85 of 1926, providing that “the judgment rendered by the Court shall have the same force and effect and may be satisfied as other judgments of the same Court.”
 

 Counsel for plaintiff agree that a judgment against the State can not be collected unless an appropriation is made by the Legislature to pay the judgment, but counsel argue that the language which we have quoted from the statutory provision means that the judgment for compensation shall have the same effect which the constitution and laws give to it, and that this is merely
 
 *1057
 
 a suit to have the rights of an injured state employee adjudicated by the courts so that the Legislature might be guided by the judgment in determining whether or not to make an appropriation for the payment of the judgment.
 

 Article 192 of the Constitution of 1913 deals specifically with the grant of power to the Legislature to authorize suits against the State. The procedure and the effect of the judgments in such suits is set forth in detail. It will be noted that, according to the provisions of the article, whenever the Legislature authorizes a suit against the State, it must provide, among other things, that the Supreme Court shall have appellate jurisdiction in such a suit, without regard to the amount involved, and that all things necessary to constitute a valid judgment against the State must be affirmatively declared by the Supreme Court before the “judgment is recognized for any purpose against the State.”
 

 There is nothing in Act No. 20 of 1914 and its amendments which conforms to the foregoing requirements of the constitutional article. That article exacts as one of the prerequisites for the bringing of a suit against the State that irrespective of the amount involved, the appellate jurisdiction shall be vested in the Supreme Court. But under the law as it existed at the time the Constitution of 1913 was adopted and Act No. 20 of 1914 was enacted, the Supreme Court had no jurisdiction of appeals in suits, including suits for workmen’s compensation, where the amount in dispute or the fund to be distributed did not exceed $2,000. In all suits, including suits for workmen’s compensation, where the amount in dispute was below the jurisdictional limitation established for the Supreme Court, the Court of Appeal was vested with appellate jurisdiction. Constitution 1913, articles 84 and 98. Under our present Constitution, the appellate jurisdiction of the Court of Appeals in suits for workmen’s compensation is exclusive. Constitution 1921, Article
 
 7,
 
 secs. 10 and 29.
 

 In authorizing suits for workmen’s compensation against the State, Act No. 20 of 1914 does not purport to confer jurisdiction on the Supreme Court without regard to the amount involved. While the provisions of Act No. 20 of 1914 provide generally for a method of procedure for employees in bringing suits for compensation, there is nothing in the statute which provides for the effect of any judgment rendered against the State.
 

 Section 45 of the Constitution of 1913 provides that no money shall be drawn from the State treasury except in pursuance of specific appropriation made by law. A similar provision is contained in Article 4, Section 1, of the Constitution of 1921. Monies to be drawn from the treasury under such appropriations are already either allocated or delegated to specific purposes which do not include the payment of a judgment for workmen’s compensation, and the workmen’s compensation statute itself makes no provision for the withdrawal of money from the treasury to satisfy any judgment which might be rendered under its provisions.
 

 In the recent case of Lewis v. State of Louisiana, 196 La. 814, 200 So. 265,
 
 267,
 
 
 *1059
 
 plaintiff brought suit against the State for injuries sustained as the result of the alleged negligence of officers and employees of the Central Louisiana State Hospital at Pineville. The Legislature had adopted Act No. 206 of 1934 authorizing the plaintiff to institute suit against the State. The State excepted to the jurisdiction of the court ratione materiae and ratione personae, pleading that Act No. 206 of 1934 was unconstitutional, one of the grounds of alleged unconstitutionality being that the act did not provide a method of procedure and the effect to be given the judgment that might be rendered as required by Article 3, Section 35 of the Constitution of 1921. The exception was sustained by the lower court and the judgment was affirmed by this Court. The Court pointed out in its opinion that Article 192 of the Constitution of 1913, as well as section 35 of Article 3 of the Constitution of 1921, dealt specifically with the grant of power to the Legislature to authorize suits against the State and set forth in detail the procedure and effect of the judgment in such suits. In emphasizing the importance of a strict adherence to the requirements of the above mentioned constitutional provisions, the Court, in the Lewis case, uses the following language:
 

 “A review of a great many of the acts of the Legislature authorizing suits against the State shows that the members thereof considered such provisions in the acts indispensable to their validity. (A list of these statutes can be found in Volume 4, page 1114 of Dart’s Constitution and General Statutes of Louisiana, and the Acts of the Legislature of 1940). - .
 

 “To show the importance of Article -3, Section 35 of the Constitution of 1921, in relation to the fisc of the State, in State ex rel. v. Burke et al., 35 La.Ann. 185, and 193, the court said:
 

 “ ‘The love which equity is said to have for trusts must be restrained within the limits of judicial power. Her arms, however long, have no force to break through the impenetrable fortress in which the Constitution guards the rights of States.
 

 “ ‘The sacredness of contracts is a precious object in the eye of courts; but the preservation of the fundamental principles upon which the structure of our wise and beautiful system of government rests is of far higher value and importance. No authority has ever been cited, and none exists, asserting or recognizing the power of any court to compel the officers of a State, against the acknowledged will of the State, as expressed in her Constitution, to take money out of her treasury and to apply it to the satisfaction of her alleged contract obligations.’ ”
 

 The purport of the decision in the Lewis case is that when the Legislature undertakes to authorize a suit against the State, it is its mandatory duty to provide the method of procedure and the effect to be given to the judgment which may be rendered in such a suit. As no such provision is contained in Act No. 20 of 1914, or in any of its amendments, relating to recovery against the State in suits for workmen’s compensation, the provision contained in Act No. 20 of 1914 authorizing the bringing of a suit for compensation ■against the State is violative of Article
 
 *1061
 
 192 of the Constitution of 1913, as well as Article 3, Section 35 of the Constitution of 1921.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, C. J-, concurs in the decree.