After attempting to sue the State for workman's compensation under the General Employers' Liability Law, Act 20 of 1914 and its amendments, in which he was denied a cause of action on the ground that the employers' liability statute did not provide the method of having a judgment rendered against the State paid as directed by Sec. 35 of Art. 3 of the Constitution of 1921 (see Martin v. State, 205 La. 1052, 18 So.2d 613), *Page 252 
plaintiff obtained the necessary legislative authority to institute such a suit by Act 155 of 1944. That act authorized him to sue the State of Louisiana, through the governor, upon his claim for compensation under the provisions of the Workmen's Compensation Statute, as amended, resulting from an accident alleged to have occurred on October 23, 1939, when he was in the employ of the State and acting in the performance of his duty. The act follows the method of procedure directed by the Constitution and provides, among other necessary features, that "should the final judgment rendered in this suit be against the State, such judgment shall be satisfied and paid by an appropriation out of the General Fund of the State of Louisiana." § 2.
In due time plaintiff instituted the present suit as authorized under said special statute. The same was put at issue on the merits by the State, as defendant, and after trial judgment was rendered in favor of the plaintiff awarding him compensation at the rate of $9.72 per week, not exceeding 360 weeks, beginning August 1, 1940. In effect the judgment was one for total and permanent disability entitling plaintiff to compensation not to exceed 400 weeks, subject to a credit for 40 weeks' during which time it appears he had been paid either his salary in full or the amount of compensation that was due him. There is no dispute as to the rate of compensation neither is there any on the question of total and permanent disability to do work of any reasonable character as that phase of the compensation statute has been interpreted by the Courts of this State. The only matter on which the Attorney General's office, representing the State, takes issue with the judgment as rendered, is that the State is entitled to an off-set of $132 as a further credit for the reason that for a period of 25 weeks following his injury, plaintiff was paid his entire wage of $15 per week while not rendering any service whatever, thus making a difference of $5.28 per week between that amount and the sum of $9.72, the amount of compensation which the State could only be made to pay him for that period and resulting in the difference of $132 claimed as a credit.
[1] It is conceded by the Attorney General that the jurisprudence is to the effect that in private employment, if an employer, prompted by some humanitarian instinct, chooses to pay an injured employee his entire salary or an amount in excess of that due him as compensation during the period of total disability, when he is later sued for compensation by the employee, he can only claim credit for what was due him as compensation proper and whatever the overpayment was is considered as a gratuity on his part which he cannot recover. The Attorney General contends however that that ruling cannot apply in a case in which the State is involved as the employer, because under the expressed provisions of the Constitution of 1921, Sec. 12, Art. 4, "The funds, credit, property or things of value of the State, * * * shall not be loaned, pledged or granted to or for any person or persons, * * *." The trial judge ruled against the contention and as already indicated, that is the only point involved in the case on this appeal.
The trial judge, in passing on the question, referred to the case of Kroncke v. Caddo Parish School Board, La. App., 183 So. 86, in which the court rejected the contention that the Employers' Liability Act would be unconstitutional and violative, among others, of the same section of the Constitution herein invoked by the Attorney General, if, in the case of an injured employee of a parish school board, it contemplated the diversion of the board funds, which are public funds, to the payment of compensation to a private individual. He stated that while that case was not "on all fours" with the one at bar, it nevertheless, in his opinion justified the conclusion in applying the same ruling against the State.
Whilst it is true that the Kroncke case and most of those cited by it in support of its holding, all related to political subdivisions of the State or to municipalities and other public bodies, the contention against the inhibited diversion of public funds was the same as is made in this case and in principle, the question of constitutional law that is involved, is the same. We believe therefore that the application of the same rule, as made by the trial judge, was appropriate.
[2, 3] We do not think that a compliance with the terms of a judgment of court in a suit authorized against the State by a special statute, and involving the payment of money to the plaintiff, is an illegal diversion of public funds to a private purpose, especially when the judgment is admittedly in conformity with the established jurisprudence of the State on all questions involved in the suit. Neither do we think there should be a discrimination in favor of the *Page 253 
State and against an injured employee once he has been authorized to sue the State and who, it is now conceded, could recover the amount here being claimed as a credit, from a private employer.
Moreover, the statute under which this suit was filed and judgment rendered against the State, itself directs the manner in which such judgment shall be satisfied and paid; that is "by an appropriation out of the General Fund of the State." That clause was included in the act to comply with the constitutional requirement that such statutes must provide "a method of procedure and the effect of the judgments which may be rendered therein" (Sec. 35, Art. 3, Constitution of 1921), and with all of these safeguards thrown around it we can hardly conceive how that by payment of the judgment herein rendered, according to its terms, after it shall have become final, anyone can ever be charged with having violated any provision of the Constitution which prohibits the illegal diversion of public funds.
Judgment affirmed.