On Rehearing.
MOISE, Justice.
The Legislature, a department of government, did not obey the requirements of its creator in enacting Act No. 365 of 1946, as ordained by Article 3, Section 35, of the Constitution of 1921. This constitutional provision had as its objective certain exactions imposed on the Legislature for the creation of the right to be granted (1) for the waiving of the State’s immunity from suit; (2) for a method of procedure; and (3) for the effect of the judgment to be rendered. Article 3, Section 35 of the Constitution, is a true transcript of the minds of the constitutional framers, with meaning as clear as light. The district judge recognized this fact when he declared Act No. 365 of 1946 on the face of the papers unconstitutional. He sustained the exception of no right or cause of action, dismissed the suit, because the enactment did not provide for the effect of the judgment to be rendered. This court reversed the judgment of the district court. A rehearing was applied for and granted, and we have now the matter on reconsideration.
Where the law is clear and free from ambiguity, the letter of it should not be disregarded under the pretext of pursuing the spirit.
The title of Act No. 365 of 1946 reads:
“An Act to authorize Douglas Foucheaux to sue the Board of Commissioners of the Port of New Orleans.”
It will be observed that the method of procedure and the effect of the judgment to be rendered are omitted from the title.
Section 2 of the Act provides: “ * * * except as otherwise herein expressly provided, the procedure in said suit or suits shall be the same as in suits between private litigants.”
In our original opinion the following comment was made on this section: “Manifestly, the foregoing expressly sets forth the method of procedure governing the *371 prosecution of plaintiff’s claim. Indeed, counsel for the Board does not inform us of the respect in which the provision is purportedly inadequate.”
But this section of the statute fails to conform to the mandate laid down by Article 3, Section 35, as it existed at the time Act 365 of 1946 was passed, i. e., that, “Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure * * *»
This provision is mandatory, not permissive; and the “method of procedure” must be specifically stated, not implied.
Section 3 is thereafter discussed. It reads: “That nothing in this Act shall be construed as conferring on the said Douglas Foucheaux any different or greater claim or cause of action than he had before the passage of this Act, the purpose of this Act being merely to waive the State’s and the said Board of Commissioners’ immunity from suit insofar as the suit or suits hereby authorized are concerned.”
The Court then commented on this section as follows: “Counsel for the Board professes that the Act does not provide for the effect of the judgment which may be rendered in plaintiff’s favor. But it strikes us that-Section 3 amply sets forth- the effect of any judgment that might be obtained— for it declares that plaintiff is being conferred only a right to have the courts determine the liability vel n.on of the Board for his injuries and that he would have no-greater claim than he had before the passage of the Act, the purpose being merely to waive the Board’s immunity from suit.. Obviously, the only reason for the inclusion of Section 3 in the Act was to designate the effect of a judgment in plaintiff’s favor and it was provided by necessary implication, if not -by words, that, should plaintiff obtain a judgment, it would be like all judgments against the State — that is, it would not be subject to execution (Carter v. State, 42 La.Ann. 927, 8 So. 836) and that a legislative Act (Article 4, Section 1 of the Constitution) or some other appropriation-by the Board would have to be obtained for its satisfaction." (Italics mine.)
The very language underscored makes-glaringly apparent the defect of Section. 3 of Act 365 of 1946. The original opinion indicated two possible alternative means of effecting the judgment which might be rendered; but the Constitution, Article-3, Section 35, in force at the time the Act was passed provided that “the effect of the judgments which may be rendered therein” shall be authorized by the Legislature when authorizing the filing of the suit.
A faulty premise, like a river by its own-current, creates obstructions for itself. One may have the keenest sense of mental proportions. He may know the colour of adjectives and the gradations of emphasis;, but it is difficult to see any relationship between the language used in Section 3 of Act: 365 of 1946, and the mandatory provi- *373 sion of Article 3, Section 35, of the Constitution of 1921, as it was in effect when Act 365 of 1946 became a law, which in clear language orders that the statute authorizing the suit shall provide “the effect of the judgments which may be rendered therein.” In Section 3, quoted supra, there is not a line or scintilla of expression that relates to the effect of a judgment to be rendered. The first part of that section restricts Foucheaux’s (Fouchaux’s) right to his original cause of action (if any) ; the second part states (lest there be any doubt) that the purpose of the Act is merely to waive the State’s immunity from suit. As a matter of fact the word “judgment” is not used anywhere in the entire Act.
When a special act of the Legislature is under attack, a comparison with prior acts of a similar nature serves to indicate the respects in which the act being scrutinized follows, or fails to follow, the requirements established by the Constitution. We take as an example Act 353 of 1940.
Its title reads: “To authorize Mrs. I. N. Cox to file suit against the State of Louisiana through the Louisiana Highway Commission upon a claim for damages result- ' ing from an accident, the result of which was the death of her husband, I. M. Cox, . said accident and death alleged to have been caused by the negligence of employees of the Louisiana Highway Commission; to provide a method of procedure and the effect of the judgment which may be rendered, to authorize the Louisiana Highway Commission to settle said claim by compromise.”
By contrast, Act 365 of 1946 did not make even a pretense of complying with Article 3, Section 16, Constitution of 1921, relative to titles of acts. Although the point was not raised, we mention it to show the meticulous care which must be exercised by legislatures in performing their constitutional duty.
Section 2 of Act 353 of 1940 reads:
“That said suit may be instituted before the District Court of the Parish of Webster, where the accident and death are alleged to have occurred; that citation to answer said suit should be served upon both the Chairman of the Louisiana Highway Commission and the Attorney General of the State. Should the final judgment be against the State, such judgment should be satisfied and paid by the Louisiana Highway Commission.” It will be observed that this section provides for the effect of the judgment to be rendered, and provides, as contradistinguished from any “necessary implication”, a definite method for its payment or execution — that the judgment shall be satisfied and paid by the Louisiana Highway Commission. To the same effect 'are other acts of 1940, as follows: Nos. 354, 355, 356, 358, 359, 360, 361, 362, 363, 365 and 366.
A re-examination of the following cases cited by defendant Board * * * Lewis v. State, 196 La. 814, 200 So. 265; D’Asaro *375 v. State, 204 La. 974, 16 So.2d 538; and Martin v. State, 205 La. 1052, 18 So.2d 613 * * * discloses that, contrary to being “clearly distinguishable from the matter at hand”, they are strikingly similar, because, while it is true that “in none of them, was there any attempt on the part of the Legislature to set forth either the mode of procedure or the effect of the judgments”, here the Legislative authorization is defectively incomplete as to mode of procedure and non-existent as to effect of judgments.
We were not favoured with the presence of the able counsel for plaintiff when this matter was first presented; but after submission on rehearing, he has filed two briefs wherein reference is made to the amendment of Article 3, Section 35, Const, of 1921, by Act 385 of 1946, approved by the electorate on November 5, 1946, proclaimed by the Governor on November 18, 1946. The invoking of this constitutional amendment is not pertinent because (1) Act 365 of. 1946 became a law on July 19, 1946, (2) 'this suit was filed on October 2, 1946, and (3) the constitutional amendment invoked (Act 385 of 1946) only became operative as a law on December 8, 1946, twenty days after its proclamation by the Governor. Art. 21, Section 1, Const, of 1921.
In Mayor, etc. of Town of Homer v. Blackburn, 27 La.Ann. 544, we held that “the constitutionality of a law must be tested by the constitution which was in force when the law was passed.” To the same effect was our holding in Etchison Drilling Co. v. Flourney, 131 La. 442, 451, 59 So. 867, 870, where we said:
“Cooley’s Constitutional Limitations, under ‘Construction of State Constitutions,’1 p. 97, says:
“ ‘We shall venture also to express the opinion that a constitution should operate prospectively only, unless the words employed show a clear intention that it should have a retrospective effect. This is-the rule in regard to statutes, and it is. one of such obvious convenience and justice that it must always be adhered to in the construction of statutes, unless in cases where there is something on the face of the enactment putting it beyond doubt that the Legislature meant it to operate retrospectively.’
“The language used in the amendment refers to the future. It admits of no other interpretation. There is nothing whatever ambiguous in its terms in this regard. It confers certain authority upon future Legislatures. It does not control, or attempt to confirm, any act of past Legislatures. We have consistently followed the rule laid down by Judge Cooley in the work just above referred to. Among the cases are Mayor, etc. [of Town of Homer] v. Blackburn, 27 La.Ann. [544] 545; City of New Orleans v. Vergnole, 33 La.Ann. 35; Pecot et al. v. Police Jury, 41 La.App. 706, 6 So. 677; State ex rel. Recorder v. Judge, 50 La.Ann. [655], 658, 23 So. 886; Sue- *377 cession of William Parham and Wife, 51 La.Ann. 983, 25 So. 947, 26 So. 700; State ex rel. Hart v. City, 51 La.Ann. 914, 25 So. 951.”
The constitutional framers, to equipoise all of the departments of government so that no one of them should feel an undue pressure from another, provided that each of these agencies of the people should exercise separate and distinct powers. In the combination of the three repose the elements of a democracy. The judicial department acts as an intermediary of the people to keep the executive and legislative departments within the limitations of their authority. When we ourselves are, or permit others to be, unmindful of this fact, we weaken the supremacy of the Constitution itself, and give to what it has ordained no more, no stronger, durability than “a rope of sand.” On the other hand, when we construe its language which is clear and unambiguous just as written, the organic law is forged into “a chain of gold” which neither legal tensions can break nor time itself corrode.
For the reasons assigned, the judgment of the district court is affirmed; there is reserved to plaintiff the right to apply for a rehearing.
FOURNET, C. J., absent.
LE BLANC, J., concurs.
HAMITER, J., concurs in the decree.
HAWTHORNE, J., dissents adhering to the views expressed in the original opinion.
McCALEB, Justice (dissenting).
A reading of the decision on rehearing has served only to strengthen my conviction of the correctness of the original opinion. And, being of the belief that the views expressed therein amply withstand the criticisms of the opinion on rehearing, added comment on this phase of the case would be redundant.
On the first hearing, the constitutionality of Act 365 of 1946 was tested solely by the requirements of Article 3 of Section 35 of the Constitution, as that article read prior to its amendment by Act 385 of 1946, which was adopted by the people at the general election held on November 5, 1946. However, on the rehearing, counsel for plaintiff have argued with great force that the constitutional amendment, even though it was adopted subsequent to the effective date of Act 365, is controlling for the reason that its provisions are remedial in nature and are therefore to. be applied retrospectively. If this argument is sound, and I believe it is, there can be no doubt about the constitutionality of Act 365 as it is not in anywise inimical to Section 35 of Article 3, as amended by Act 385 of 1946.
This important point, as to whether the constitutional amendment operates retro *379 actively, has been summarily dismissed in the opinion on rehearing by a citation of the well-recognized general rule that the constitutionality of a law must be tested by the constitution in force at the time of its enactment and by a quotation from authorities expressing the accepted general doctrine that the constitution and laws operate prospectively.
No one contests these rudimentary principles but, in applying them here, the majority completely ignore the equally well-established rule that statutes, or provisions of constitutions for that matter see State v. Alden Mills, 202 La. 416, 12 So.2d 204, purely remedial in nature, are retroactive in their operation unless their language plainly shows a contrary intention. Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A.L.R. 1184; Geddes & Moss Undertaking & Embalming Co. v. First Nat. Life Ins. Co., La.App., 177 So. 818, affirmed in 189 La. 891, 181 So. 436; Oil Well Supply Co. v. Red Iron Drilling Co., 210 La. 222, 26 So.2d 726 and State v. Alden Mills, supra. Since it has already been determined by this Court in Lewis v. State, 207 La. 194, 20 So.2d 917 that legislation relative to the waiver by the State of its immunity from suit is remedial, it is difficult to perceive why the majority finds that the ■constitutional amendment of 1946 is inapplicable.
I respectfully dissent.-