HARDY, Judge.
This is a suit in which W. A. Cooper, Collector of Revenue for the State of Louisiana, instituted summary proceedings by rule, under the provisions of Act No. 14 of the Second Extra Session of the Legislature for the year 1935, LSA-RS 13:5031 et seq., 47:1574, for the collection of sales taxes in the sum of $624.36, together with penalties and interest. The defendant is G. R. Weaver, doing business as Weaver’s Cafe in the Town of Farmerville,' Union Parish, Louisiana. The tax claimed is alleged to have been due under the provisions of Act No. 57 of 1944. Defendant, the respondent in rule, admitted an indebtedness to the State of an undisclosed amount of taxes, denying the correctness of the claim asserted by the plaintiff in rule. Assuming the position of plaintiff in reconvention respondent in rule made claim against the State in the total sum of $5,375, which amount allegedly was comprised of the sum of $4,025, representing salary at the rate of $175 per month for a period of twenty-three months between the dates of August 31, 1946, and August 31, 1948, together with the sum of $1,350 claimed to have been due for accumulated *280 annual leave, which was not received by-respondent. Coupled with his principal claim in reconvention respondent alternatively asserted other demands which it is not necessary to consider herein.
Plaintiff in rule excepted to the reconven-tional demands-on the ground that the same disclosed no cause or right of action.. It appears from the minutes that the exception was tried, sustained and the reconventional demand dismissed. Thereafter the case was set for trial on the merits. Before trial was had respondent filed an amended answer, praying the allowance of an offset against the claim of the State of Louisiana. Plaintiff excepted to the filing of the amended answer on the ground that the same came too late, but by agreement the objection was referred to the merits. After trial on the merits the rule was made absolute, there was judgment against defendant as prayed, the exceptions above noted were sustained to the extent of dismissing the reconventional demands, and, finally, the plea of compensation or set-off was rejected. From this judgment respondent in rule has appealed.
There is no question as to the correctness of the State’s claim for taxes in this case, which was conclusively established on trial on the merits. This finding leaves for disposition the reconventional demand interposed by defendant in rule and the subsequent alternative plea of compensation or set-off.
The basis of the reconventional demand is predicated upon a claim for salary alleged to be due by reason of the illegal discharge of respondent from his employment in the Department of Health of the State of Louisiana. Respondent plaintiff in reconvention alleged that he was arbitrarily discharged by the State without compliance with the provisions of the Civil Service Act, Act No. 172 of 1940 and Act No-. 276 of 1944.
It is obvious that the claims of plaintiff in reconvention have no connection with the tax claim asserted by the State. We are convinced that a judgment cannot be validly obtained against the State upon a reconventional demand of one sued for taxes. We think this question was definitely settled by the pronouncement of the Supreme Court in State v. Liberty Oil Company, Ltd., 154 La. 267, 97 So. 438.
It is Hornbook law that a State may not be sued without its consent. The re-conventional demand in the instant case, in effect, is a suit against the State, and the approval of such a proceeding would be an evasion of the well-established principle.
Similarly, we have no difficulty in concluding that a debt to the State for taxes cannot be compensated, inasmuch as such debt is predicated upon an aliment which is not liable to seizure. This question was settled in the case of City of Shreveport v. Gregg & Ford, 28 La.Ann. 836, in which the court held that inasmuch as taxes are not debts in the ordinary definition of the term but contributions by the citizens for the support of their government, they are not subject to seizure, sale or compensation. The court further sustained this position under the provisions of Article 2210 of the Civil Code.
The judgment is correct and therefore is affirmed at appellant’s cost.
KENNON, J., not participating.