### No. 8956.

### JOHN LAUGHLIN VS. THE LOUISIANA AND NEW ORLEANS ICE COMPANY.

It is now the settled jurisprudence of the Supreme Court of the United States that, except in actions affecting personal *status*, or in those partaking of the nature of proceedings *in rem*, like suits to partition real estate, foreclose mortgages or enforce privileges or liens, substituted service, as against a non-resident, can be effectual as "due process of law," under the 14th Amendment to the Constitution of the United States, only where, in connection therewith, property in the State is brought under the control of the court and is subjected to its disposition by process adapted to that purpose. The question being federal in its nature, former jurisprudence of this Court on this subject must yield to the authority of the Supreme Court of the United States.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus, J.*

*W. S. Benedict* for Plaintiff and Appellant.

*Geo. C. Préot* for Defendant and Appellee:

Personal service is necessary in a personal suit; substituted service by the appointment of a *curator ad hoc* does not constitute that "due process of law," contemplated in the 14th Amendment, Constitution U. S., and is in conflict therewith. Pennoyer vs. Neff, 95 U. S. Reports, p. 714 *et seq.*

Foreign corporations form a particular class of absentees specially provided for in Article 236 of the Constitution of Louisiana of 1879.

The opinion of the Court was delivered by

FENNER, J. Defendant, a foreign corporation, unrepresented in this State by any agent having authority to receive service of process, is sued in a personal action sounding in damages. Upon the simple averment that it owns property in the State, the attempt is made to bring the defendant into court by substituted service upon a curator *ad hoc* appointed by the court to represent the absent person. The curator *ad hoc* so appointed excepted to the jurisdiction of the court, on the ground that substituted service on a curator *ad hoc*, in a case of this character, and unattended by any process subjecting property of the absent defendant to the control of the court, does not constitute that "due process of law," contemplated and required by Section 1, of the 14th Amendment to the Constitution of the United States.

From a judgment maintaining the exception, this appeal is taken. We, at first, doubted whether the objection was properly raised at this stage of the proceedings, since, in the mere prosecution of the suit, no immediate attempt is made to "deprive" the defendant of "life, liberty or property," within the language of the amendment. We conclude, however, that if any judgment based on such substituted service would be an absolute nullity, incapable of any effect whatever against the person or property of defendant, it would be mere folly to permit the ear of the Court to be vexed with such useless and inconsequential proceedings. See Harkness vs. Hyde, 98 U. S. 478. The question is obviously one of federal constitutional law, in which practical common sense, as well as comity, require us, where we can do so without flagrant wrong to our judicial conscience, to follow the decision of the Supreme Court of the United States, since the appellate jurisdiction granted to that tribunal would render an opposite course merely vain and nugatory.

The question in hand has been exhaustively considered in the leading case of Pennoyer vs. Neff, 95 U. S. 714, and the Supreme Court of the United States there held that, except in actions affecting personal *status* or in those partaking of the nature of proceedings *in rem*, like

suits instituted to partition real estate, foreclose mortgage, or enforce lien or privilege, substitued service can be effectual against non-residents as "process of law," only where, in connection therewith, property in the State is brought under the control of the court and subjected to its disposition by process adapted to that purpose.

The very elaborate opinion of the Court and, still more, the dissenting opinion of Mr. Justice Hunt, establish that every possible objection to the doctrine was considered and overruled, and the Court has since expressly reaffirmed it. Brooklyn vs. Insurance Co., 99 U. S. 362; Harkness vs. Hyde, 98 U. S. 476.

The former decisions of this Court maintaining an opposite view, in 19 An. 36; 29 An. 821, and perhaps others, must yield to the above authority.

The hardship of the instant case, where the damages sued for are alleged to have been occasioned by the improper and unlawful use of property in the State belonging to the absent defendant, is recognized, but as the law of the State confers no privilege on the property for such damage, as it provides no process for subjecting the property to the control of the court as a basis of jurisdiction, and as Art. 236 of the State Constitution, requiring foreign corporations doing business in this State to appoint a resident agent upon whom process may be served, has not been complied with, nor enforced by legislative action, we are powerless to afford relief.

Judgment affirmed.