The opinion of the court was delivered by
Breaux, J.
The plaintiff sought to revive a judgment rendered ten years, less a few days, before his petition for the revival had been filed.
The plaintiff, at the time that suit was brought to recover a judgment upon his claim, had been authorized to sue the defendant in any court of competent jurisdiction. Act 81 of 1884.
*1488 In that suit the judgment was rendered which the plaintiff here seeks to have revived.
The Attorney General for the State interposed an exception that the suit was unauthorized by law; that the Legislature was prohibited from passing any special or local law granting to the plaintiff the right to.sue the State or changing the venue in civil cases, as it w.as, it was averred, in the nature of an exclusive right, excluded by Art. 46 of the Constitution.
Another ground of objection was that the right granted to sue the State was exhausted by the rendition of the judgment declaring the amount due.
The judge of the District Oourt sustained the exception and dismissed the case. The plaintiff appealed.
In our judgment the ground urged by the defendant, that permission can not be granted to a particular individual by special law to sue the State for the alleged reason that it is a privilege not enjoyed by all creditors of the State, is not fatal to plaintiff’s demand to revive a judgment. The special statute granted to the plaintiff the authority to sue for and obtain the recognition of his claim. It did not have the effect of adding a single right to those he claimed.
The authority granted to assert a right has never been considered in the light of a favor or advantage.
The privileges, we think, the members of the Constitutional Convention had in view, in inserting the provision against granting special right, privilege or immunity to any association or individual, are those which would be in derogation of common right; the idea was that no one should have preference or enjojr immunity or special right, granted, arbitrarily and without reference to public interest or the public good.
The purpose, as we understand, was to give security of equality before the law, and to guard against granting privileges to the possibly favored few.
The authority to sue the State in its own courts does not in the least impair the desired equality. The judgment only recognized the claim and fixed the amount due by the State. For this purpose the Legislature has a right to authorize suits against the State.
We pass to the second objection of the defendant — that relating to the domicile of the defendant, which was not in the parish of Caddo; and the consequent want of jurisdiction of the court, in which the judgment here sought to be revived was rendered.
*1489 Granted, for the determination of this case, that suits brought against an officer should be brought against him at his official domicile, yet in order that an objection on that ground may be of any avail, it can not be urged in defence of the suit brought to revive the judgment. The defence upon that ground is necessarily confined to the original suit in which the judgment was rendered. On an application to revive a judgment questions of jurisdiction ratione persones can not arise.
Moreover, the language of the statute was broad enough to enable the court to entertain jurisdiction. The words of the statute, “ in any court of competent jurisdiction,” included the court in which .the judgment was rendered as a court of competent jurisdiction ratione materiee, at any rate.
At any rate, if there was ground for objection it was because of the want of jurisdiction ratione personee and not want of jurisdiction ratione materiee, it is now too late to consider the former.
The defeñce on an application to revive a judgment is limited to absolute nullity of the original judgment, such as the want of citation, the want of jurisdiction ratione materiee and other similar original defects.'
The act granting the authority to sue, however general in terms, was not invalid as related to jurisdiction of the court. We have not found that it clashed with the organic law.
This brings us to the objection that there was no longer an existing authority to sue the State; that the authority to sue the State was exhausted from the time that the original judgment was rendered.
The proposition, upon this particular point, is correct if we assume that a suit to revive is a separate and independent suit from the suit in which the original judgment was rendered.
This court has had occasion to hold that the proceedings to revive a judgment is not a separate suit, but part of the original action. Scherrer vs. Caneza, Sheriff, 33 An. 317.
Under the light of this decision the right to revive being a part of the proceedings, in matter of the suit and the original judgment, it must be considered as included within the authority given to sue. The State has consented to be sued for the purpose of the adjudication. Although the power of the court ended at the date the judgment was .signed, it did not put an end to all authority in matter of preventing prescription of the judgment debt. It is part of the *1490 adjudication, just as the plaintiff would have the right to appear and! sustain a defence if his judgment were attacked on some ground of nullity. The judgment ordinarily determines the amount of the indebtedness, but it has naught to do with the means of enforcing the liability, save that it serves as the evidence of the right An application, therefore, relating entirely to the judgment may be granted as a part of the original suit without trenching upon questions relating to the exigibility of the judgment. Black on Judgments, par. 1.
In our view, the authority to sue covers the authority to prosecute the suit to a judgment and the authority to keep the judgment in force. The authority to revive a judgment was treated as ancillary to the original proceedings in the decision to which we have before referred, and such was, we believe, the legislative intention in adopting the status. C. C. 3547.
The suit without reference to defendant’s residence must be brought in the court in which the original judgment was rendered;, the issues which may be raised are well defined and are hot suggestive of an independent and original suit.
The question whether any useful purpose will be served by the judgment applied for, arises. We must say that its importance and usefulness are not apparent.
The State is at liberty to pay the judgment or not to pay, as it may determine. The new life given to the judgment adds nothing to its-exigibility, and nothing to its force as a judgment. The State may order its payment or decline to make provision for its payment,, without regard to the possibility vel non of urging the plea of prescription. The question is so entirely within the control of the State that we do not conceive that anything is to be gained by a judgment reviving the original judgment.
At the same time it is, we think, a right of the plaintiff to have it revived, if he chooses.
The opposition to the claim and the charges made can not be considered on an application to revive the judgment. The whole matter is within the control of another department of the government.
It is therefore ordered and adjudged that the judgment appealed from is avoided, annulled and reversed; the case is remanded to the District Court to be reinstated on the docket of that court and the issues tried in accordance with the views before expressed,
Nicholls, C. J., absent; ill.