[No. 2649. Decided October 28, 1897.]

Northwestern and Pacific Hypotheek Bank, *Appellant*, v. The State of Washington, *Respondent*.

CLAIMS AGAINST STATE — WHAT ACTIONABLE.

The act authorizing actions against the state (Laws 1895, p. 188, Bal. Code, §§ 5608-5612), and providing that "any person or corporation having any claim against the state of Washington shall have the right to begin an action against the state in the superior court of Thurston county," having been passed for the purpose of giving effect to art. 2, § 26 of the constitution, which provides that "the legislature shall direct by law in what manner and in what courts suits may be brought against the state," is remedial in its nature and entitled to a liberal construction; and, thus construed, the word "claim" used in the statute must be held to mean "cause of action."

The act authorizing suits against the state by "any person having any claim against the state" does not restrict action to

claims arising out of money demands due from the state, but is comprehensive enough to include actions in equity, such as one seeking to have a judgment lien of the state declared subject to a prior mortgage.

Appeal from Superior Court, Thurston County.—Hon. Charles H. Ayer, Judge. Reversed.

*O. G. Ellis,* and *A. H. Denman,* for appellant.

*P. H. Winston,* Attorney General, and *Thomas M. Vance,* Ass't Atty. Gen'l, for The State.

The opinion of the court was delivered by

Gordon, J.—This action was instituted by the appellant in the superior court of Thurston county, for the purpose of having a judgment awarding a lien in respondent's favor against certain lands in King county decreed to be subject to a prior mortgage held by plaintiff upon said lands. A demurrer upon the ground that the superior court had no jurisdiction was sustained, and, the plaintiff electing to stand on its pleading, judgment of dismissal was rendered, and the cause appealed. The question to be determined is, does the act approved March 20, 1895 (Session Laws, p. 188), confer jurisdiction upon the superior court of Thurston county to hear and determine controversies of the character herein involved. The act is entitled "An act authorizing *actions* against the state." Section 1 (Bal. Code, § 5608) provides that

"Any person or corporation having any *claim* against the state of Washington shall have the right to begin an action against the state in the superior court of Thurston county."

The section further provides for like pleadings as in other actions. Section 2 of the act (Bal. Code, § 5609) provides that the complaint shall be served upon the attorney

general, and also upon the secretary of state. Section 3 (Bal. Code, § 5610) provides that the attorney general shall appear and act as counsel for the state, and that appeals "may be taken to the supreme court of the state as in other actions." Section 4 (Bal. Code, § 5611) provides that no execution shall issue against the state on any judgment, but when final judgment is given against the state, the auditor shall audit and pay the amount of damages and costs therein awarded upon a certified transcript of such judgment being furnished. The last section of the act, section 5 (Bal. Code, §5612), makes the statute of limitations applicable to actions against the state.

It is the contention of the attorney general that the word "claim" used in section 1 of this statute means a claim for money; that the statute is one in derogation of common law, and should be strictly construed.

On the other hand, appellant's contention is that the statute is a remedial one passed in furtherance of a constitutional provision, and that it should receive a liberal construction, and much authority has been cited in support of the respective views of counsel. But we think the statute must be construed as having been passed for the purpose of giving effect to section 26, article 2, of the state constitution, requiring that

" The legislature shall direct by law in what manner and in what courts suits may be brought against the state."

By this provision we think it was intended that the state might be permitted to be sued in like manner as an individual, and it was left to the legislature to determine in what court such suits should be brought, and to prescribe the method of procedure. In the light of this constitutional provision we think that the word, "claim," used in the statute was intended to mean, and should be given the same

meaning as the term or phrase, "cause of action." We think the question is in nowise affected by the provision of section 4 of the act requiring the auditor to pay damages and costs awarded against the state by any judgment. That section ought not to be construed as a limitation. The word "suits" as used in the constitution, section 26, *supra*, is not used in a restricted sense nor limited to suits for the recovery of money only. Nothing in the provision warrants any such interpretation. We think the word was used in a more comprehensive sense; when the legislature undertook to make the provision effective, it is not to be supposed that it intended to provide a method for bringing some only of the suits contemplated by the constitution. The word "claim" has been variously defined.

" In a statute authorizing the courts to order a bill of particulars of the 'claim' of either party, 'claim' is co-extensive with 'case,' and embraces all causes of action and all grounds of defense." Black's Law Dictionary, under word "Claim."

And in *Minick v. City of Troy*, 83 N. Y. 514, it was construed as synonymous with "cause of action."

In *Prigg v. Pennsylvania*, 16 Pet. 615, the United States supreme court, STORY, J., say:

" What is a claim? It is, in a just juridical sense, a demand of some matter as of right made by one person upon another, to do or to forbear to do some act or thing as a matter of duty."

See, also, *United States v. Wilcox*, 4 Blatchf. 385; *Darby v. Wright*, 3 Blatchf. 170; *Ellis v. Polhemus*, 27 Cal. 350; *Gray v. Palmer*, 9 Cal. 636.

In the last case cited the court say:

" The word *claim* is certainly a very broad term, when used in certain connections, and in reference to certain matters. Lord Coke truly says, that ' the word *demand* is the

largest word known to the law, save, only, *claim*; and a release of all *demands* discharges *all right of action.*' Chief Justice NELSON says: ' The word claim is of much broader import than the word debt, and embraces rights of action belonging to the debtor, beyond those which may appropriately be called debts.' "

The order and judgment will be reversed, and the cause remanded with directions to the superior court to overrule the demurrer.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.