ROGERS, Justice.
 

 Miss Annie C. Lewis sued the State of Louisiana under the authority conferred upon her by Act 273 of 1942. Plaintiff’s suit is for the recovery of damages for personal injuries allegedly sustained by her in the year 1906 as the result of certain acts of cruelty and wilful neglect committed by the then employees and superintendent of the Central Louisiana State Hospital at Pineville, while she was detained in that institution.
 

 The State of Louisiana, appearing through counsel, filed exceptions to the jurisdiction of the court ratione personae and ratione materiae, on the ground that Act 273 of 1942 is unconstitutional in that it fails to provide the method of procedure required by Section 35 of Article 3 of the Constitution of 1921. The trial judge sustained the exceptions and dismissed the suit and plaintiff has appealed from the judgment.
 

 The Legislature, by Act 273 of 1942, authorized the plaintiff to institute a suit against the State of Louisiana upon her claim for damages resulting from the personal and permanent injuries sustained by her in the year 1906 while she was confined in the hospital operated by the State at Pineville, which injuries plaintiff alleges resulted from the “maltreatment of the employees and the malpractice and neglect of the Superintendent of the said State Hospital.” Section 2 recognizes the justness of plaintiff’s claim. Section 3 of the act reads as follows: “That the said Miss Annie C. Lewis of Iberia Parish, State of Louisiana, be and she is hereby authorized to file suit against the State of Louisiana, and that the State of Louisiana is permitted to be sued and stand in judgment in the matter of the Qaims for damages due to
 
 *201
 
 Miss Annie C. Lewis for the permanent injuries she sustained in the State institution.” Section 4 authorizes and directs the State Treasurer to pay any judgment obtained by plaintiff against the State of Louisiana, the payment to be made out of the General Fund or any other fund especially appropriated to pay the claim. Section 5 waives prescription, and Section 6 contains the repealing clause. The title of the act is in keeping with the body of the act with the exception that it refers to the court or courts in which the suit may be filed, to-wit: “The 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, or in the District Court of the Parish of Rapides where the accident occurred ‡ *
 
 ‡"
 

 Section 35 of Article 3 of the Constitution, under the authority of which Act 273 of 1942 was adopted, reads as follows: “Whenever the Legislature shall authorize suits to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.”
 

 While the venue of the contemplated suit is referred to in the title of the act, it is not referred to in the body of the act. Defendant contends that because in this respect the title is broader than the body and since the act itself is silent as to the venue and the procedure to be followed in prosecuting the suit, the act fails to meet the mandatory requirements of Section 35 of Article 3 of the Constitution and is therefore unconstitutional.
 

 It is fundamental under our system of government that a state can not be sued in its own, or in any other courts, unless it has expressly consented to such suit, except in those cases within the original jurisdiction of the Supreme Court of the United States. State v. Liberty Oil Company, 154 La. 267, 97 So. 438; State ex rel. Louisiana Trust & Savings Bank v. Board of Liquidation, 136 La. 571, 67 So. 370; State v. Gaines, 46 La.Ann. 431, 15 So. 174; State ex rel. Cunningham v. Lazarus, 40 La.Ann. 856, 5 So. 289. From which it follows, as a necessary corollary, that a State’s immunity from suit is a privilege which may be waived, and a State may be sued whenever it has consented thereto. But since the State can be sued only by its consent, it may impose such limitations and restrictions on the right of suit as it pleases. Wright v. State Board of Liquidation, 49 La.Ann. 1213, 22 So. 361.
 

 Prior to the adoption of the Constitution of 1898, it does not appear that there was any constitutional or statutory provision in this State permitting the waiver of the State’s exemption from suit. By Article 192 of the Constitution of 1898, which was reproduced as Article 192 of the Constitution of 1913, the Legislature was given the power to authorize a suit against the State. In those constitutional articles the procedure to be followed and the effect of the judgment to be rendered in such suits was set forth in great detail. But under Section 35 of Article 3 of the Constitution of 1921, which also empowers the Legislature to authorize suits against the State, the drastic features of the demand and of the suit and the effect of the judgment when rendered, required by Articles 192 of the
 
 *203
 
 Constitutions of 1898 and 1913 were eliminated and more freedom of action was allowed the Legislature in granting such authorization, for Section 35 of Article 3 of the Constitution of 1921 merely declares in general terms that whenever the Legislature authorizes a suit against the State, “it shall provide a method of procedure and the effect of the judgments which may be rendered therein.” Under this constitutional provision, the conditions imposed upon a plaintiff authorized to sue the State may be as regards the procedure to be followed as complicated or as simple as the Legislature, in its discretion, may deem it necessary to prescribe.
 

 We can not concur in the contention of the defendant that the Legislature’s grant of authority to the plaintiff to sue the State is unconstitutional because it fails to meet the mandatory requirements of Section 35 of Article 3 of the Constitution of 1921. The contention is based upon defendant’s assumption that Act 273 of 1942 is a law within the meaning and contemplation of the constitutional provisions governing legislative enactments which, with executive approval or without such approval if not disapproved within the prescribed time, are intended to permanently direct and control matters applying to persons or things in general, instead of dealing as it does, with a matter of special or temporary character. Notwithstanding a legislative act authorizing a suit to be brought against the State is of a special character, this Court has held that the waiving of immunity or exemption from suit of the State and the authorization by the Legislature to a person to sue the State is not a special or local law within the meaning of a constitutional provision requiring the publication of notice of the proposed introduction of such a law. It is ■ simply a special act authorizing a person to 'sue, needing no notice to be given to authorize its enactment and being uncontrolled as to its own course. See Durbridge v. State, 117 La. 841, 42 So. 337 and Lewis v. State, 196 La. 814, 200 So. 265; see also Aguillard v. State, citing with approval Lewis v. State, decided by the Court of Appeal for the Second Circuit, in which a writ of review was refused by this Court, La.App., 7 So.2d 645.
 

 Act 273 of 1942 did not receive executive approval, but, as disclosed by a note appended to the official publication, having been submitted to the Governor for his approval or disapproval and not having been acted upon within the time limit prescribed by the Constitution, it became a law by limitation.
 

 Under the wording of Section 35 of Article 3 of the Constitution, the right is vested in the Legislature, and not in the Legislature with the approval of the Governor, to authorize the institution of a suit against the state. The constitutional provision reads in part: “Whenever the
 
 Legislature
 
 shall authorize suit to be filed against the State, * * (Writer’s italics.) The provision does not declare that the Legislature shall, by a law formally adopted, permit suit to be brought against the State, but merely that the Legislature shall authorize such a suit, without specify- ' ing the manner in which such authorization may be given. In other words, the Legis
 
 *205
 
 lature may, without attempting to pass a general or special law pursuant to the constitutional provision, pass a joint resolution, which, although not effective as a law, is effective as a consent of the State to subject itself to suit. Under Section 17 of Article 5 of the Constitution of 1921, such a resolution when passed by the Legislature would become effective without the approval of the Governor.
 

 The power vested in the Legislature by the Constitution to waive the State’s immunity from suit is not limited to any particular kind of rights or causes of action.
 

 Although it is not liable therefor, unless it has voluntarily assumed such liability, the State has the capacity to commit tortious acts, and, as in other cases, where the State has failed to exercise the care required of it, and thereby an injury is sustained, it is guilty of an act of negligence. 59 C.J., States, sec. 336, pages 193, 194. The State may likewise waive its exemption from liability for the torts of its officers and agents and prescribe the conditions for recovery and where it has voluntarily assumed such liability recovery may be had against it. 59 C.J., States, sec. 339, page 195. Section 35 of Article 3 of the Constitution providing that the State may be sued only with its permission does not mean that conduct which would be tortious in others is not a tort when committed by the State, or by its agents or employees, but is an expression of public policy.
 

 It can not be disputed that it was the intention of the Legislature in adopting Act 273 of 1942, including the title as well as the body of the act, to grant Miss Annie C. Lewis, the plaintiff herein, the right to sue the State on the cause of action set forth in the legislative enactment. This being true and considering the legislative enactment to be more in the nature of a joint resolution consenting that the State might subject itself to plaintiff’s suit than as a special or general law which is required to be passed in accordance with the rules and solemnities prescribed by the fundamental law, it is clear that the legislative enactment is not invalid because the venue of the suit is referred to in the title and not in the body of the act. Under this view of the nature of the legislation, the title and the body of the act when considered together establish the venue of plaintiff’s action as either in the District Court of the Parish of East Baton Rouge, the seat of the state government, or the District Court of the Parish of Rapides, where plaintiff’s alleged injuries were sustained.
 

 However, conceding the defendant is correct in assuming that by Act 273 of 1942 the Legislature attempted to adopt a statute and not to pass a resolution waiving the State’s immunity from suit by the plaintiff, the law is not invalid as being violative of Section 35 of Article 3 of the Constitution.
 

 Statutes passed in furtherance of provisions of the character of those imposed by Section 35 of Article 3 of the Constitution are remedial in their nature and should be liberally construed. State v. Curran, 12 Ark. 321, reversed 15 How.U.S. 304, 14 L.Ed. 705; Northwestern & Pacific Hypotheek Bank v. State, 18 Wash. 73, 50 P. 586, 42 L.R.A. 33; Stuart v. Smith-
 
 *207
 
 Courtney Co., 123 Va. 231, 96 S.E. 241. And this is so, notwithstanding statutes authorizing suits against the state are in derogation of its inherent sovereignty, because such statutes indicate the purpose of the Legislature to authorize a departure from the rule of nonliability in the classes of actions mentioned in such statutes. Welsbach Co. v. State, 206 Cal. 556, 275 P. 436. And it has been held that the construction of such statutes should not be so strict as to violate the legislative intent or reflect on the dignity of the State. Fitler v. Com., 31 Pa. 406.
 

 We can not attribute to Act 273 of 1942 any other meaning or effect than what is plainly apparent on its face. The act creates a cause of action in favor of Miss Annie C. Lewis, the plaintiff herein, for the injuries she suffered by reason of the negligence of the superintendent and employees in charge of the Central Louisiana Hospital, an institution owned and operated by the State at Pineville. Under Section 3 of Act 273 of 1942, plaintiff is expressly authorized to sue the State and the State is expressly permitted to be sued and to stand in judgment “in the matter of the Claims for damages due to Miss Annie C. Lewis for the permanent injuries she sustained in a State institution.” And Section 4 of the Act provides for the effect to be given any judgment that might be rendered in favor of Miss Lewis in the suit which, under the statute, she is authorized to prosecute against the state.
 

 Defendant contends that Act 273 of 1942 is invalid because the title of the act mentions by name the court or courts in which the suit may be filed, whereas there is nothing in the body of the act which provides where the suit may be brought. Obviously, in respect to the venue of the suit, the title of the act is broader than the provisions of the act itself. But that is no ground for declaring the act unconstitutional, for it has been held the fact that the title of an act is broader than the terms of the act is immaterial, unless the variance is such as to make the title misleading. State ex rel. Pailet v. Board of Parole, 151 La. 720, 92 So. 312; State v. Kilshaw, 158 La. 203, 103 So. 740. Furthermore, the title of a law is not to be strictly or technically interpreted; if it indicates the object of the law, according to the understanding of reasonable men, it satisfies the constitutional requirement. Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381.
 

 When the title and the body of Act 273 of 1942 are compared and construed jointly and the purpose of the Legislature in enacting the law is considered, it is obvious that they both have but one object in view — to authorize Miss Annie C. Lewis to file suit against the State of Louisiana for personal injuries sustained by her in 1906 while confined in a state institution, which injuries were allegedly caused by the negligence and malpractice of the State’s agents and employees. Necessarily, it was in the contemplation of the members of the Legislature, when they enacted the legislation in question, that the right granted Miss Lewis to sue the State should be protected and enforced in the usual and customary way through the courts of the State.
 
 *209
 
 The fact that the title of Act 273 of 1942 indicates that Miss Lewis is granted the option of instituting her suit either in the Nineteenth Judicial District Court for the Parish of East Baton Rouge or in the District Court of the Parish of Rapides is not deceptive or misleading as to the venue of the suit. Section 2 of Article 19 of the Constitution of 1921 establishes the seat of the state government at the City of Baton Rouge, which is within the jurisdiction of the Nineteenth Judicial District Court for the Parish of-East Baton Rouge, and Pineville, where the Central State Louisiana Hospital in which Miss Lewis was confined when injured, is situated in the Parish of Rapides and within the jurisdiction of the District Court for that Parish.
 

 The Legislature, in granting Miss Lewis the right to sue the State, had the unrestricted power to provide a method of procedure and the effect of the judgment which might be rendered in the suit. In passing Act 273 of 1942, the Legislature waived prescription and provided for the effect of any judgment that might be rendered in favor of Miss Lewis. It is true it did not in the body of the act designate the forum in which the suit should be brought, but it was not obliged to do this, unless it decided to depart from the well established rule of procedure that a tort action must be brought at the domicile of the defendant as provided by Article 162 of the Code of Practice, or in the parish where the tortious act was committed as provided by paragraph 9 of Article 165 of the Code of Practice. We do not think it can be disputed that the members of the Legislature, many of whom are lawyers, had this rule of procedure in mind when they adopted Act 273 of 1942.
 

 In the act itself the Legislature, speaking for the State, declared in no uncertain terms that it was willing for Miss Lewis to sue the State and for the State to be sued and stand in judgment on the matter of her claim for the damages she alleged she sustained at the hands of the State’s agents or employees in a state institution. It is inconceivable that in granting Miss Lewis the right to prosecute her action against the State the members of the Legislature intended to neutralize her right and to enact legislation that would be manifestly in contradiction of the constitutional provision and of no legal force or effect whatever. It is the duty of this Court, if it may do so consistently, to interpret a legislative act in a way that will uphold its constitutionality rather than to strike it with nullity. State ex rel. Varnado v. Louisiana Highway Commission, 177 La. 1, 147 So. 361.
 

 The Legislature, by the adoption of Act 273 of 1942, having for its special purpose to permit Miss Lewis to sue the State and to permit the State to stand in judgment in such a suit, and authorizing the payment of any judgment which might be rendered therein, placed the State in the same situation as would be a private corporation which is made a defendant in a tort action. The State in such a suit must be held just as responsible as a private corporation for the negligent acts of its agents or employees while engaged in its services and doing the work which the services re
 
 *211
 
 quired. When the Legislature grants authority to sue the State, the rules of law and procedure applicable to suits between individuals on a like or similar cause of action apply to such a suit so far as they are not negatived by the plain terms of the grant. There is nothing in the legislative act under consideration in this case which negatives any rule of law or procedure or which provides that the venue of the suit should be otherwise than at the domicile of the State, or at the place where plaintiff’s cause of action arose. Since, as we have pointed out, the domicile of the State and the place where plaintiff’s cause of action arose are well established by the constitutional and statutory provisions to which we have referred, Act 273 of 1942 must be construed with reference to those provisions.
 

 The title of the act does not come within the constitutional inhibition embraced in Section 16 of Article 3 of the Constitution of 1921 merely because it refers by name to the court or courts in which the suit of Miss Lewis may be filed. Nor is the act itself violative of Section 35 of Article 3 of the Constitution of 1921 because it fails to refer by name to the court or courts in which the suit may be filed. There is no inconsistency between the title and the body of Act 273 of 1942. The courts which are referred to in the title' as the courts which are vested with jurisdiction of the suit authorized by the act are the same courts which, without being specifically designated, are, under the law, vested with jurisdiction of the suit. If no mention whatever were made in the title of the act of the courts in which the suit against the State might be brought, it would not render the act unconstitutional, since it was the obvious intention of the Legislature in passing the act that the suit authorized therein should be brought at the seat of the state government, in the Parish of East Baton Rouge, or at the place where plaintiff’s injuries were sustained, in the Parish of Rapides. Hence, it is clear that the reference in the title of the act to the courts in which the suit might be brought may be regarded as mere surplusage and wholly unnecessary for the accomplishing of the purpose the Legislature had in mind when it passed Act 273 of 1942. It is to be observed that the suit itself was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, which is one of the courts mentioned in the title and which is the seat of government, or the domicile, of the State where such a suit, unless otherwise ordered by the Legislature, should be brought.
 

 We find nothing in our decision in Lewis v. State, 196 La. 814, 200 So. 265, on which defendant relies, that is contrary to or inconsistent with our decision in this case.
 

 Our conclusion is that the trial judge erred in sustaining defendant’s exceptions to the jurisdiction of the court and, on that ruling, dismissing plaintiff’s suit.
 

 For the reasons assigned, the judgment appealed from is annulled; the exceptions to the jurisdiction of the court ratione personae and ratione materiae are overruled, and the case is remanded to the district
 
 *213
 
 court for further proceedings consistent with the views herein expressed.
 

 O’NIELL, C. J., does not take part.
 

 HAMITER, J., concurs in the decree.