96 So.2d 396 (1957)
Mrs. Claudia Beth Williams STEPHENS, Plaintiff-Appellant,
v.
NATCHITOCHES PARISH SCHOOL BOARD, Defendant-Appellee.
No. 8692.
Court of Appeal of Louisiana, Second Circuit.
June 28, 1957.
Rehearing Denied July 25, 1957.
Writ of Certiorari Denied October 8, 1957.
*397 Watson & Williams, Natchitoches, Booth, Lockard, Jack & Pleasant, Shreveport, for appellant.
Gahagan & Gahagan, H. L. Hughes, Natchitoches, for appellee.
Jack P. Gremillion, George M. Ponder, Harry Fuller, Baton Rouge, amici curiae.
AYRES, Judge.
This is an action in tort, instituted by plaintiff individually and for the use and benefit of her minor son for the recovery of damages allegedly due for the death of Searcy B. Stephens, her husband and father of the child, who was killed in an accident in Natchitoches Parish, Louisiana, involving his automobile and a school bus owned by defendant School Board and operated by its employee, Sheppard Morris.
This appeal is from a judgment which maintained defendant School Board's exception of no cause and of no right of action.
The trial court gave as its reason for its judgment, that the consent of the State originally granted to plaintiff to institute this action by reason of House Bill No. 113 of the Regular Session of the Legislature of the State of Louisiana for the year 1956, has been withdrawn by Act No. 613 of said session, which was subsequently adopted as a Constitutional amendment in November, 1956. LSA-Const. art. 19, § 26.
The School Board for an affirmance of the judgment, in addition to its reliance upon the exception sustained by the trial court, contends that House Bill No. 113 was never enacted as a law and in the alternative, if it was, it is unconstitutional, and urges its plea of one year prescription.
*398 The defense that House Bill No. 113 was never enacted into law is predicated upon the fact that it was vetoed by the Governor and never thereafter passed over his veto. This bill was in the nature of a resolution adopted by both House of Representatives and the Senate. LSA-Const. Art. III, Section 35, provides in part:
"Whenever the Legislature shall authorize suit to be filed against the State it shall provide the method for citing the State therein and shall designate the court or courts in which the suit or suits authorized may be instituted and may waive any prescription which may have accrued in favor of the State against the claim or claims on which suit is so authorized."
This Constitutional provision makes no express reference to the necessity of any action by the Governor. The jurisprudence appears to have been well established, under the aforesaid article of the Constitution empowering the Legislature to authorize the institution of suit against the State, that the right is vested in the Legislature and not in the Legislature with the approval of the Governor, and further that the Legislature may without attempting to pass a general or special law, pass a joint resolution effective as a consent to the institution of an action against the State, notwithstanding it may have been submitted to and was vetoed by the Governor. Lewis v. State, 1945, 207 La. 194, 20 So.2d 917; Jefferson Lake Sulphur Company, Inc. v. State, 1947, 213 La. 1, 34 So.2d 331; Preuett v. State, La.App., 1953, 62 So.2d 686. See: "Notes. Constitutional LawAction Against the State", 9 Louisiana Law Review 289.
Inasmuch as parish school boards are agencies of the State as the administrators of a system of public education, their status with reference to immunity in actions sounding in tort is the same as the State itself. Floyes, for Use and Benefit of Floyes v. City of Monroe, La. App., 1939, 194 So. 102; Whitfield v. East Baton Rouge Parish School Board, La.App., 1945, 23 So.2d 708; Mire v. Lafourche Parish School Board, La.App., 1952, 62 So.2d 541; Horton v. Bienville Parish School Board, 4 La.App. 123.
However, such immunity to actions in tort may be waived as to such agencies by appropriate legislative action. Such was accomplished by the passage of House Bill No. 113. An action for damages was predicated upon a similar legislative authority in Steer v. Orleans Parish School Board, La.App., 1957, 92 So.2d 128. Therefore, we find no merit in defendant's contention that no legislative authority was conferred upon plaintiff for the institution and prosecution of this action.
The constitutionality of House Bill No. 113 is attacked upon the ground that such enactment confers upon plaintiff a special or exclusive right, privilege and immunity contrary to the prohibition contained in LSA-Const. Art. IV, Section 4. This contention is likewise without merit. A statute authorizing a particular individual to sue that State or one of its agencies on a claim is not subject to the objection of this section that it grants a special right of privilege, as it adds nothing to its rights, simply giving him permission to have such rights judicially determined. Carter v. State, 49 La.Ann. 1487, 22 So. 400.
We also fail to find any merit in defendant's plea of prescription. In Cox v. Louisiana Department of Highways, La. App., 1942, 11 So.2d 409, 412, where a statute authorizing a suit against an agency of the State provided no limitation within which the suit might be instituted, this court stated:
"The Legislature can designate a forum, limit the time in which the suit must be filed and prescribe any other reasonable restrictions. It is not obliged to give the same time for assertion of rights against the State as *399 that granted for the assertion of rights by one individual against another. The Act alone creates the right of action and any period of limitation fixed by said Act governs.
"Rights once created survive until destroyed by positive law. They do not cease unless a period of limitation is fixed by law and a period of limitation is purely of statutory origin. Without such a statute there is no period of limitation to any right of action. Act 353 of 1940, which created a right of action in plaintiff's favor, did not prescribe a period of limitation. Her right of action against the State Department of Highways is governed solely by said Act and since no period of limitation is fixed by the Act, certainly her right and cause of action have not prescribed."
In the instant case, however, the bill provided that the action might be filed not later than November 1, 1956. It was filed October 10, 1956. In overruling a similar plea, the Court of Appeal for the First Circuit, in Gilmore v. State, 1955, 79 So.2d 192, 198, stated:
"We further feel that the plain legislative intent of Section 5, Act 164 of 1952 * * * specially authorizing this suit, was to waive limitation periods and permit plaintiff to file suit up through July 1st, 1953, which was timely done."
It may be additionally noted, too, that under Article III, Section 35 of the Constitution authority is granted to the Legislature to waive any prescription. In this connection it is also noted that under Section 4 of House Bill No. 113 it is provided that the defendant shall not be entitled to urge any plea of prescription barring plaintiff's claim, provided the action be instituted within the period designated therein.
Finally, for consideration is the question of whether Act No. 613 of 1956, adopted as a Constitutional amendment in November, 1956, withdraws the authority conferred upon plaintiff by House Bill No. 113, to institute and prosecute this suit. The pertinent provisions of the amendment read as follows:
"The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceeding shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution."
Of particular concern is whether or not the exception emphasized above can be applied to the consent given by the State of Louisiana in House Bill No. 113. While the provisions relative to the withdrawal of consent is concededly very broad, it does not appear to have been the legislative intent that the provisions of the amendment apply to the actions of this character, especially where they have been heretofore authorized by legislative act and particularly where the authorizing act was passed at the same session as the Constitutional amendment was proposed and more particularly in view of the fact that the amendment provided that the Legislature may by appropriate act grant to individuals the right to institute such actions in compliance with the aforesaid Constitutional provisions. Irrespective of *400 the broad and apparently all-inclusive language of Act No. 613 in withdrawing the consent of the State theretofore given, it does not appear that it was intended to nullify bills which were then being currently considered and adopted in the same session of the Legislature. We cannot attribute to the Legislature the intention of doing a vain and useless thing. We cannot conclude it was the intention of Act No. 613 as an amendment to the Constitution to withdraw the consent of the State in an action ex delicto, which consent had theretofore been given by a special act of the Legislature.
Since the adoption of the aforesaid Constitutional amendment, similar cases have been decided in the appellate courts without reference to such an amendment, for example Webb v. State of Louisiana, 1956, 91 So.2d 156, decided by the First Circuit Court of Appeal on November 26, 1956; Steer v. Orleans Parish School Board, 1957, 92 So.2d 128, decided by the Orleans Court of Appeal on January 14, 1957, and Reeves v. State, 232 La. 116, 94 So.2d 1, decided by the Supreme Court on February 25, 1957. Inasmuch as no mention of the amendment was noted in any of these decisions by either counsel or court, it might be concluded, therefore, that the issue was not presented. Such omissions, however, apparently lend some support to our view of the matter that the present action was not, nor was it intended to be, affected by the aforesaid amendment.
For the reasons herein assigned, we find no merit in defendant's pleas and exception. Accordingly, the judgment appealed is annulled, avoided, reversed and set aside and it is now ordered, adjudged and decreed that the exception of no cause or right of action, the plea of prescription of one year, and the plea of unconstitutionality of House Bill No. 113 be, and the same are hereby overruled; and that this cause therefore, be and the same is hereby remanded to the Honorable the Tenth Judicial District Court in and for Natchitoches Parish, Louisiana, for further proceedings consistent with the views herein expressed, and in accordance with law.
Reversed, pleas and exceptions overruled and remanded.