AYRES, Judge.
A money judgment was rendered against L. F. Bahan July 10, 1935, in an action in *669 Stituted in the First Judicial District Court for the Parish of Caddo, Louisiana. Revival judgments were rendered on February 2, 1946, and February 23, 1956. On February 25, 1966, Bahan, as plaintiff, instituted an action to have the judgment and its revivals cancelled and erased from the mortgage records of Caddo Parish. The Youngstown Sheet and Tube Company, as-signee of the judgment creditor, filed, on May 10, 1966, a reconventional demand praying that the judgment as theretofore revived be again revived. Defendant’s reconventional demands were rejected and there was judgment accordingly ordering the cancellation and erasure of the judgment and its revivals from the mortgage records. From the judgment thus rendered and signed, defendant, The Youngstown Sheet and Tube Company, prosecutes a devolutive appeal.
The contention of the appellant is that the trial court erred in holding that the running of prescription is not suspended during the time a Louisiana judgment debt- or is domiciled out of the State where he owns no property here and has appointed no agent for service of process.
The facts material to the issue presented here may be briefly reviewed. Bahan was a resident of Caddo Parish at the time the initial action was taken against him. As a prerequisite to the rendition of the original judgment, personal service was had upon him. He, however, subsequently left the State and established his domicile in the State of California where it has since been continuously maintained. The judgments of revival were predicated upon service on curators appointed to represent Bahan as a nonresident defendant. As previously stated, the last revival was accomplished on February 23, 1956, whereas the present action for revival was not instituted until May 10, 1966, thus allowing a lapse of more than 10 years since the last revival.
The rules with respect to the revivals of money judgments, both as to substantive law and as to procedural aspects, were formerly combined and set forth in LSA-C.C. Art. 3547. It was therein provided that if a defendant were absent and not represented, the proceedings would be conducted contradictorily with a curator appointed to represent him. By amendment of this article through Act No. 30 of 1960 and the enactment of the Code of Civil Procedure, the procedural rules are now contained in the articles of that code. The article of the Revised Civil Code (LSA-C.C. Art. 3547), as amended, provides, so far as is pertinent to this action:
“A money judgment rendered by a court of this staté is prescribed by the lapse of ten years from its signing, if rendered by a trial court, or from its rendition if rendered by an appellate court.
******
“Any party having an interest in a money judgment may have it revived before it prescribes, as provided in Article 2031 of the Code of Civil Procedure. A judgment so revived is subject to the prescription provided by the first paragraph of this article. An interested party may have a money judgment rendered by a court of this state revived as often as he may desire.”
The article of the Code of Civil Procedure therein referred to (LSA-C.C.P. Art. 2031) provides:
“A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
“The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
“A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.”
*670 No changes in the law as formerly set forth in LSA-C.C. Art. 3547 resulted from the amendment of this article and the enactment of the Code of Civil Procedure. Many of the articles of the Code of Civil Procedure are followed by comments which evidence the legislative intent and purpose of their enactment. In such comments following LSA-C.C.P. Art. 2031, it was recited :
“(a) The procedural provisions of Art. 3547 of the Civil Code have been transferred to the above article, and the Civil Code provision has been amended to delete therefrom all procedural provisions, .and to reflect the change made by this Code with respect to the date prescription on such a judgment commences to run.
“(b) If the defendant is a nonresident, absentee, or incompetent, the court may ■appoint an attorney at law to represent him, and the proceeding to revive conducted contradictorily against this attorney, under Art. 5091, infra.”
That it is appropriate for the courts to resort to the official comments in the interpretation and construction of the provisions of the Code of Civil Procedure has been recognized. Emmons v. Agricultural Insurance Company, 245 La. 411, 158 So.2d 594, 598 (1963); State ex rel. Ballett v. Gremillion (La.App.) 168 So.2d 270 (3d Cir. 1964 — writs denied).
The article referred to in the latter comment (LSA-C.C.P. Art. 5091) provides, so far as material:
“The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
“(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * *
j}í s{i
“All proceedings against such a defendant shall be conducted contradictorily against the.attorney at law appointed by the court to represent him.”
In comments under this article it is first recited that no change in the law is effected through this article and, secondly, that:
“The requirement that the court have jurisdiction over the person or property of the defendant, or over the status involved, before it may make a valid appointment of an attorney to represent such a defendant is one of constitutional due process, which is merely declaratory of the Louisiana jurisprudence. See Laughlin v. Louisiana & New Orleans Ice Co., 35 La.Ann. 1184 (1883); Bracey v. Calderwood, 36 La.Ann. 796 (1894); West v. Lehmer, 115 La. 213, 38 So. 969 (1905).”
It is the contention of the judgment creditor that, during a period of time just prior to the running of the 10-year period following the 1956 revival, the court was without jurisdiction over the person or the property of the defendant or over any status involved. It is further contended that such lack of jurisdiction constituted a legal obstacle to taking action for revival of the judgment, and that, therefore, during the period of its existence, the accrual of the time provided for revival of the judgment should be suspended.
A proceeding to revive a judgment is not a new action but merely a proceeding in the same action, the object of which is to continue in effect a judgment therein rendered. Wilson v. King, 227 La. 546, 79 So.2d 877 (1955); Washington v. Palmer, 213 La. 79, 34 So.2d 382, 384 (1948); Carter v. State, 49 La.Ann. 1487, 1489, 22 So. 400 (1897); Hayden v. Slaughter, 43 La.Ann. 385, 388, 8 So. 919 (1891); Scherrer v. Caneza, 33 La.Ann. 314 (1881); Hammett v. Sprowl, 31 La.Ann. 325 (1879); *671 Blanchard v. Smith (La.App.) 45 So.2d 527 (2d Cir. 1950); Jaubert Bros. v. Landry (La.App.) 15 So.2d 158 (1st Cir. 1943).
Moreover, an action is pending so long as the judgment remains unsatisfied and is not prescribed. Scherrer v. Caneza, supra; Jaubert Bros. v. Landry, supra.
In this connection it may be again observed that the original judgment was preceded by personal service upon the debt- or who at the time resided in and maintained his domicile in Caddo Parish, Louisiana. Unquestionably, the court had jurisdiction over the defendant who was personally served in that action. In accordance with the jurisprudence cited above, such jurisdiction once obtained continues in the court so long as the judgment remains unsatisfied and is not prescribed.
The rule stated by LSA-C.C. Art. 3547, as amended, and Arts. 2031 and 5091 of the Code of Civil Procedure is that the exclusive method by which the running of prescription on a money judgment may be prevented is by revival of the judgment in an action instituted within 10 years. Cassiere v. Cuban Coffee Mills, Inc., 225 La. 1003, 74 So.2d 193 (1954); Fritz Jahncke, Inc. v. Fidelity Deposit Co. of Maryland, 172 La. 704, 135 So. 32 (1931); Bailey v. Louisiana & N. W. R. Co., 159 La. 576, 105 So. 626 (1925); Smith v. Palfrey, 28 La. Ann. 615 (1876); Succession of Hardy, 25 La.Ann. 486 (1873); Blanchard v. Smith, supra.
In Bertron v. Stewart, 43 La.Ann. 1171, 10 So. 295, 296 (1891), it was held that, where the'decree was rendered in a court of this State and the judgment debtor resides outside the state, it is competent for the court of this State, in which a suit for revival is brought, to appoint a curator ad hoc, upon whom service can be made, and, contradictorily, with whom the judgment can be rendered. It was held that such a suit was not an action in personam but one quasi in rem, and that the judgment pronounced therein would be binding upon the absentees. With reference to the fact that the defendants were not personally served with citation and the contention that the court was without jurisdiction, the court made this comment:
“The point made on the argument is that, for the purpose of such suit and judg-‘ ment, substituted service was not due process of law, and unavailing, in so far as defendants were concerned. The judge, in appointing a curator ad hoc to represent the absentees in that case, acted on the express authority of article 3547 of the Civil Code, above quoted, which declares that, ‘if such defendant be absent, and not represented, the court may appoint a curator ad hoc to represent him in the proceedings, upon which curator ad hoc the citation shall be served.’ Reliance is placed on Pennoyer v. Neff, 95 U.S. 714 [24 L.Ed. 565,] and Laughlin v. [Louisiana & New Orleans] Ice Co., 35 La.Ann. 1184. In our opinion this contention is erroneous. In Hammett v. Sprowl, 31 La.Ann. [325,] 327, our predecessors held that it was exclusively within the power of the court rendering the judgment ‘to enforce and to revive it;’ and they further held that ‘a proceeding to revive a judgment [is] not a new suit, but simply a proceeding in the same suit to continue and keep alive a judgment rendered therein, and to furnish proof that it has not been satisfied or extin-quished.’ To the same effect is their opinion in Succession of Patrick, 30 La. Ann. 1071, in which a suit to revive is denominated ‘the peculiar statutory action’ provided for the continuation of judgments beyond their term of 10 years.”
The court, which rendered the original judgment and revived it on two prior occasions, being the proper court to entertain a subsequent action for the revival of the judgment, and having complete authority over its execution, had jurisdiction over the status of the judgment for purposes of its revival and for preserva *672 tion of the creditor-debtor relationship of the parties. Thus, we find untenable and without merit the creditor’s contention that a legal obstacle or impediment existed to prevent it from taking timely action to revive the judgment which we now find to have prescribed by the lapse of more than 10 years since its last revival.
The judgment appealed is accordingly affirmed at appellant’s costs.
Affirmed.