FRUGÉ, Judge
(dissenting).
A casual reading of the Resolution (quoted in the majority opinion) clearly indicates that the State intended to permit the defendant herein to file his answer any time before December 31, 1967, thereby giving him his day in court, in spite of the fact that his right to claim additional compensation against the State had lapsed under the mandate of R.S. 48:450 and 452. The intention of the Legislature therefore was to revest defendant with his right of action to seek additional compensation in this suit and to prevent the Department of Highways from posing any objection to the defendant’s answering the suit and making out his claim for additional compensation.
The powers of the Legislature are unlimited except by the United States Constitution and the Louisiana Constitution.[1] The State Constitution is not a grant of *312 powers to the legislative body but rather a restriction upon otherwise unlimited powers of the Legislature. See e. g., Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49 (1942); Mulhaupt v. City of Shreveport, 126 La. 780, 52 So. 1023 (1910); Bozant v. Campbell, 9 Rob. 411 (1845); Crain v. State, 23 So.2d 336 (La.App. 1st Cir., 1945). Therefore unless the Resolution in consideration here is violative of one of the provisions of the State Constitution, then it must be upheld as valid and its design should be carried out by this court. Thus, it is presumed that the Legislature acted within its powers in passing this Resolution and assigning the effects that Resolution is to have in this pending action. See Williams v. Department of Highways, 92 So.2d 98 (La.App. 1st Cir., 1957).
Although the Highway Department has in some suits such as this filed a “Petition for Final Judgment”, see State through Dept. of Highways v. Jackson Brewing Co., 146 So.2d 504 (La.App. 4th Cir., 1962), I have found no statutory provision specially authorizing such a pleading. For this reason and in view of the purpose of the pleading itself, I am of the opinion that the petition for a final judgment is more akin to a peremptory exception of prescription, a plea for judgment on the pleadings, or a plea for a summary judgment. See State v. Cefalu, La.App. 153 So.2d 605 (La.App. 1st Cir., 1963).
I construe the petition for a final judgment as a pleading designed to have the court find that the defendant has lost or waived his right to have the question of additional compensation considered judicially. By this view, the title attributed to this pleading becomes of no consequence in this case, for the issue still remains as to whether or not the Resolution was lawful and effective to revest the defendant with his right of action in this suit, i. e., with his right to have his claim judicially determined.
This leads us to consideration of the basic issue involved here, which is a question of the constitutionality of the Resolution.
As stated above, unless we should find that the Resolution is contrary to some specific provision of the State Constitution, its effect and legality must be upheld.
R.S. 48:450, which is concedely applicable here, allows the defendant in an expropriation suit such as this thirty days after he is served with notice of the suit in which to answer and set forth his claim for additional compensation. If the answer is filed within thirty days, he is allowed a trial on the merits of his claim. If he fails to answer, then R.S. 48:452 states that this will effect a waiver of all his defenses to the suit.[2]
It has been held that these provisions are mandatory. State of Louisiana, Through the Department of Highways v. Cefalu, supra; State of Louisiana, Through the Department of Highways v. Jackson Brewing Company, supra; State of Louisiana, Through the Department of Highways v. Higgins, 135 So.2d 306 (La.App. 4th Cir., 1961). In none of these cases, however, did the Legislature expressly permit the defendant an extended time in which to answer and claim additional compensation. For that reason, these cases do not appear to determine the issue before us here.
*313 I find no merit in the contention of the Highway Department that the Resolution in any way seeks to amend or alter the clear provisions of R.S. 48:450. On the contrary, the Resolution, by its very terms, merely authorized defendant to proceed with his claim although the State had a good defense thereto. It further commands that the Highway Department shall not be permitted to file any exception of prescription or peremption [3] thereby dismissing defendant’s claim and denying him the right to have that claim judicially determined.
Resolutions of the Legislature bear legal efficacy for many purposes and, unless the Resolution itself seeks tp permanently change the specific provisions of a law properly passed theretofore, it is not unconstitutional, even though it may prevent a state agency from realizing a defense provided it under the law. I have found no constitutional provision which denies the Legislature power to waive a valid defense to a claim against it or to give the opposing party additional time to set forth his claim against the State.
Therefore I feel that while the defendant had lost his right of action to have the question of additional compensation judicially determined, it was within the Legislature’s power and generosity to revest him with that right of action through the form of a joint resolution.
Not only is it within the State’s inherent power to waive any prescriptive or peremptive time limitations which have accrued in its favor, but this power is reaffirmed in the Louisiana Constitution, Article 3, § 35, as amended in 1960. It appears settled now that this waiver of state immunity or liability can be effected through a joint resolution and the signature of the Governor is unnecessary. See Preuett v. State Through Dept. of Highways, 62 So.2d 686 (La.App. 2d Cir., 1953); Stephens v. The Natchitoches Parish School Board, 96 So.2d 396 (La.App. 2d Cir., 1957); Lewis v. State, 207 La. 194, 20 So.2d 917 (1945).[4]
In the Lewis case, the resolution involved created in favor of the plaintiffs a cause of action, and the court upheld that resolution giving it full effect as an expression of legislative will. A fortiorari, the Legislature should possess the power to revest a person with a right of action such as it did here.
The majority opinion rests upon their belief that the Resolution is violative of Art. 4, § 4 of the Louisiana Constitution in that it grants a special right or privi *314 lege to an individual. To bolster its decision the majority adds that the Resolution interferes with court procedures. The majority cited no decisions in support of their position that the Resolution violates Art. 4, § 4 of our constitution in either of the above mentioned respects.[5]
I do not feel that this Resolution grants to the defendant any special right or privilege prohibited by Article 4, Section 4 of the State Constitution. I find the case of Peart v. State, 125 So.2d 673 (La.App. 3rd Cir., 1960), determinative of this issue. There Judge Hood adopted the language from the case of Stephens v. Natchitoches Parish School Board, 96 So.2d 396 at 398 (La.App. 2d Cir., 1957), as follows:
“ * * * This contention is likewise without merit. A statute authorizing a particular individual to sue that State or one of its agencies on a claim is not subject to the objection of this section that it grants a special right of [sic] privilege, as it adds nothing to its rights, simply giving him permission to have such rights judicially determined. Carter v. State, 49 La.Ann. 1487, 22 So. 400.”
See also Tucker v. Marquette Casualty Co., 138 So.2d 25 (La.App. 1st Cir., 1962).
Likewise, I see little merit to the Highway Department’s contention that the State has usurped a judicial function by intervening in a pending suit and altering the rights of the parties therein. First off, it must be remembered that the Highway Department represents the State in this suit. The conduct of the suit brought through the agency of the Highway Department is properly subject to the will of the State. To hold that the Legislature cannot interfere in this litigation is tantamount to saying a principal cannot command its agent to undertake a certain course of conduct during litigation brought by that party. The Legislature has not commanded the Court to take any action in this suit, it has simply commanded that the State Highway Department shall not file any plea of prescription and shall permit the defendant to proceed. The Highway Department has no vested right in this matter. See Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949); Mallard v. State, 194 So. 447 (La.App. 2d Cir., 1939). A vested right obtained through litigation only takes effect upon final judgment. See Osborn Funeral Home, Inc., v. Louisiana State Bd. of Emb., 162 So.2d 596 (La.App. 2d Cir., 1964). See also Fullilove v. United States Casualty Co. of N. Y., 129 So.2d 816 (La.App. 2d Cir., 1961). In this case, the Highway Department never obtained a final judgment.[6]
The majority stated that the defendant’s rights stem not from the Resolution but from Article 1, Section 2 of the Louisiana Constitution, which gives those defendants in expropriation suits a cause of action for just compensation.
Although it was unnecessary for the State to waive its immunity from suit and its liability in this instance, nonetheless the Resolution was necessary to revest the defendant with his right to proceed and to judicially determine just compensation due for the property taken. Had the Resolution not been obtained, defendant would not have been able to pursue this action, since the time for answering had lapsed under the provisions of R.S. 48:450 and 452. Therefore, it is only by virtue of the Resolution itself that the defendant is able to maintain his cause of action at this date.
*315 I find no specific provision of the State Constitution which the Resolution violates, and therefore, my conclusion is that this Resolution is valid and legal and that this Court is bound to uphold the legislative intent as expressed therein. The fact that legislative enactments such as this may tend to create litigation or interrupt the smooth management of the State Highway Department is not a matter for our concern. It is not up to the courts to remedy whatever inconvenience might be caused to the State Highway Department or to other state agencies, but rather for the Legislature itself to provide what remedy it sees fit.
For these reasons I respectfully dissent.

. No issue was raised that the Resolution might be violative of one of the provisions of the United States Constitution.

. § 450. “Where an entire lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the market value of the property expropriated, provided:
“(1) He files an answer within thirty days from the date he is served with the notice;
“(2) His answer sets forth the amount he claims; * * *
“Upon the filing of the answer, the court shall issue an order fixing the time of the trial of the suit. * * *”
§ 452. “Failure of a defendant to file his answer timely or to serve copies thereof timely constitutes a waiver of all his defenses to the suit.”

. In truth, I do not believe this is a matter of peremption, but rather is a question of the prescription of a right of action (created by Art. 6 § 19.1 of the La. Constitution and regulated by R.S. 48:450) which right eminates from a cause of action created by La. Constitution Art. 1 § 2. Although the right of action has expired under 48:450, this constitutes an affirmative defense which the State must affirmatively plead. C.C. P. Art. 1005. Further, the loss of the right of action does not destroy the cause of action guaranteed by La. Constitution, Art. 1 § 2. The existence of the cause of action is not contingent upon the existence of the right of action (although the reverse may he true) and thus we are not dealing with a question of peremption.

. In the Lewis case, the Supreme Court said: “In other words, the Legislature may, without attempting to pass a general or special law pursuant to the constitutional provision, pass a joint resolution, which, although not effective as law, is effective as a consent of the State to subject itself to suit. * * * ” (20 So.2d 917, 920.)
“* * * Tlie State may likewise waive its exemption from liability for the torts of its officers and agents and prescribe the conditions for recovery and where it has voluntarily assumed such liability, recovery m,ay be had against it. * * * ” (Id.)
“Statutes passed in furtherance of provisions of the character of those imposed by Section 35 of Article 3 of the Constitution are remedial in their nature and should be liberally construed. * * * ”
(20 So.2d 917, 921)

. Article 4, Section 4, “The Legislature shall not pass any local or special law on the following specified subjects:
“ * * * Granting to any * * * individual any special or exclusive right, privilege or immunity. * * *
“Regulating the practice or jurisprudence of any court * *

. I entertain doubts that there should be any difference even had the trial court signed the State’s order dismissing defendant’s claim. See Fullilove v. United States Casualty Co. of N. Y., supra.